GEORGE F. SIMPSON V. THE STATE.

No. 21489. Delivered March 12, 1941.

The opinion states the case.

*Bernard Martin,* of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for fornication; the penalty assessed is a fine of $500.00.

The record shows that appellant was arrested on Saturday

night and placed in jail; that on Monday morning the County Attorney, upon the affidavit of Cecil Long, a police officer, filed an information in the County Court charging appellant with the offense of fornication, to which charge he entered a plea of guilty to the court and his punishment was assessed as above indicated. Thereafter, he filed a motion for a new trial in which he asserted, among other things, that he was denied his constitutional and statutory right to have counsel and be represented by an attorney upon the trial on the charge aforesaid. Upon the hearing of the motion the court heard evidence as to the matters set up therein.

Appellant offered some testimony as to what occurred at the city jail on Sunday morning and testified as to what occurred on Monday morning prior to and at the time he entered his plea of guilty. We quote from his testimony as follows:

"On Sunday morning Bill Martin came up and talked with me. He said Mr. Nelson would be down Monday morning; that they couldn't do anything Sunday. He was talking about Otis Nelson, who is attorney for the Martin family. * * * I did not see Mr. Nelson at the city hall. * * * I stayed in jail from Saturday night until Monday morning. * * * I was brought to the court house Monday morning. * * * They carried me to the County Attorney's office. * * * Mr. McDaniel wrote out the complaint and information charging me with this offense. * * * I asked Mr. Long if Mr. Nelson was in the back of the office. The reason I asked that kind of a question is, that I expected Mr. Nelson to be over here—they promised he would be there. I wanted an attorney when I was brought to the court house, but the officer said it was too late. * * * After I said that I would plead guilty, I walked into the court room. * * * At that time the judge said I could have a jury trial. * * * I knew if I had a jury to decide, I didn't know what might happen. He told me I had the right to a trial before the court or jury and had the right to have a lawyer to represent me. After I asked for one and didn't get one, I thought I couldn't get one. By that I mean that I thought I could not pay one. No, I did not say, 'I believe I want to get a lawyer.' "

Mr. Cecil Long, who had appellant in charge and took him from the city jail to the court house, testified that appellant did not say anything about wanting an attorney; that the county judge advised appellant that he had a right to the services of an attorney, as well as other rights he had.

Mr. Leverett, also a police officer, testified to substantially

the same facts as Mr. Long. In addition thereto, he said that while they were in the County Attorney's office appellant did not ask to use the telephone; did not say anything about wanting a lawyer and did not mention the name of Otis Nelson; that he was present when the court admonished the two defendants as to their rights to a jury trial and to have a lawyer represent them. Up until after judgment was pronounced against him, appellant did not say anything about wanting to call an attorney. After the court had assessed the fine against him, appellant turned around, walked toward Mr. Leverett and said: "I want to call a lawyer." Some one said: "It is too late now."

The County Attorney testified in substance that on Monday morning when appellant and the girl were brought to his office he was handed the voluntary statement that had been made by each of them to the officers; that after reading the same, he inquired of appellant if he wanted to plead guilty, to which he replied: "I believe that is the best thing to do." After the complaint and information were filed the County Judge advised them separately that they had a right to plead guilty or not guilty; that they had a right to a trial before a jury or before the court; that they did not have to plead guilty, and that each was entitled to be represented by an attorney, but that nothing was said by either of the defendants in regard to an attorney. After each had entered a plea of guilty and the court adjudged each of them guilty and assessed a fine of $500.00 against each of the defendants, the County Attorney overheard a remark by appellant to the effect that: "I believe I want to see a lawyer."

There is no question but what a citizen has a right under the Constitution and the statute to be heard by himself or counsel or both, but he must make his wishes known to the court especially when he is fully advised thereof by the court. Appellant was not an ordinary ignorant negro. He had completed the 9th grade in high school and had attended a college in Alabama for three years and he knew the full import of the court's advice. However, it is equally true that one accused of a criminal offense may waive any constitutional and statutory right except that of trial by jury in a capital case. See Porter v. State, 137 Texas Cr. R. 473, 131 S. W. (2d) 964; Hall v. State, 137 Texas Cr. R. 475, 131 S. W. (2d) 965.

It is true that Otis Nelson went with the Martins to the city jail on Sunday morning but Mr. Nelson did not even try to talk to appellant after he had been informed of appellant's

voluntary statement. It is also true that he inquired of the officers as to the nature of the charge that would be made; that they told him they did not then know. He thought perhaps they would charge appellant with having illicit sexual relations with a weak-minded girl and he wanted the officers to telephone him the next morning; that they did call his office but he was not there. He went to the court house that morning but did not go to see the County Attorney or inquire as to the nature of the charge that was preferred against appellant; that he did not appear in behalf of appellant on the motion for a new trial; nor is there any reason assigned for his failure to do so. Consequently, the conclusion is warranted that Nelson did not deem himself employed or that he did not believe that he could be of any material assistance to appellant in view of the voluntary confession.

It is our opinion that whether appellant was denied his constitutional and statutory right or waived it, was a controverted issue which the trial court decided adversely to him and we would not, under the facts, be justified in setting aside his conclusion on such an issue. Therefore, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.