**Roger Dale WARR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 62217.**

Court of Criminal Appeals of Texas,
Panel No. 2.

Nov. 21, 1979.

Rehearing En Banc Denied Jan. 9, 1980.

Robin Collins, Nacogdoches, for appellant.

James A. Doherty, County Atty., San Augustine, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

Charged with the offense of resisting arrest pursuant to V.T.C.A. Penal Code, § 38.03, appellant entered a plea of guilty and, upon that plea, was found guilty by the trial court. Punishment was assessed at 90 days in jail and a $100.00 fine, the former being probated for one year.

In his sole ground of error, appellant contends that the trial court erred in accepting his plea of guilty and assessing punishment involving "imprisonment" absent a knowing and intelligent waiver of his constitutional right to counsel. We agree and reverse the judgment below.

The record before us does not include a transcription of the court reporter's notes as apparently a court reporter was not present during the hearing on appellant's plea of guilty. It is, however, uncontradicted that appellant was not represented by counsel below.

At hearing on motion for new trial, appellant called the trial judge in the instant cause, who testified that he gave appellant the choice of either pleading guilty or making bond and setting the case down for a jury trial. Though the trial judge pointed out that he informed appellant of his constitutional right to representation,[1] he admitted that he did not admonish appellant as to the benefits or advantages of having a lawyer represent him or the disadvantages that would follow self representation on a plea of guilty and did not touch upon the panoply of warnings that usually accompany the entry of a plea of guilty.[2]

The Constitution of the Republic of Texas and several constitutions of the State, including Article I, Section 10, of the present one, have consistently provided, without change in substance, that "[i]n *all criminal prosecutions* the accused . . . shall have the right of being heard by himself or counsel, or both"[3] without regard to whether the prosecution is for a felony or misdemeanor. Indeed, other provisions of the constitutional section have made and still make it plain that right to counsel in misdemeanor cases is contemplated.[4] Similarly,

---

1. The Judge recounted that he read appellant "his rights" as they appear on an exhibit labeled "Warnings by Magistrate." These warnings include admonishments that an accused: has a right to counsel; has a right to remain silent; has a right to have an attorney present during any interview with peace officers or prosecutors; has the right to terminate any interview at any time; has the right to appointed counsel if indigent; has the right to an examining trial; and has the right not to make any statement as such a statement may be used against the accused in a court of law. Yet, the trial judge admitted he did not inform appellant of the range of punishment for the offense.

2. We pause to note that Article 26.13, V.A.C.C.P., has been held not to apply to misdemeanor pleas of guilty. See *Gallegos v. State*, 425 S.W.2d 648 (Tex.Cr.App.1968). Nevertheless, the subjects discussed between a trial judge and the accused preceding a plea would seem to be relevant in determining *the issue of waiver of counsel*.

The Judge further admitted that he did not ask appellant if his waiver of counsel was freely and voluntarily entered and did not inquire of appellant if his purported waiver of his constitutional rights had been forced or compelled by promises, threats, or the like. Finally, he admitted that appellant did not execute a *written waiver* of any rights, particularly his right to counsel.

3. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

4. For example, the Fourth bundle of rights enunciated in the Declaration of Rights in the Constitution of the Republic of Texas provided in its first sentence a similar "right to be heard" along with other general rights of criminal process. Then, in its second sentence spe-

Article 1.05, V.A.C.C.P., as did its statutory predecessors, mandates that in all criminal prosecutions the accused "shall have the right of being heard by himself, or counsel, or both . . ." Accordingly, this Court recognized in *Simpson v. State*, 141 Tex. Cr.R. 324, 148 S.W.2d 852 (1941), a conviction for the former misdemeanor offense of fornication for which the penalty assessed was a fine of $500.00, that "[t]here is no question but what a citizen has a right under the Constitution and the statute [of Texas] to be heard by himself or counsel or both . . ." See also *Wagner v. State*, 87 Tex.Cr.R. 47, 219 S.W.2d 471, 472 (On Motion for Rehearing) (1920).

Notwithstanding the sturdy constitutional and statutory roots of right to counsel, however, early on this Court adopted and adhered to the proposition that in a misdemeanor case the trial court "was not required to furnish . . . an attorney even had he been so requested," *Moreno v. State*, 114 Tex.Cr.R. 559, 26 S.W.2d 652 (1930) and cases and authorities cited therein; *Milliman v. State*, 156 Tex.Cr.R. 88, 238 S.W.2d 970 (1951); even when the accused is an acknowledged indigent, *Pizzitola v. State*, 374 S.W.2d 446 (On Motion for Rehearing) (Tex.Cr.App.1964).[5] Currently, as reflected by the several opinions in *Empy v. State*, 571 S.W.2d 526 (Tex.Cr.App.1978), the Court is in sharp disagreement over the point. We do not undertake to resolve it here, for the issue is not presented. The matter is alluded to only to emphasize that our decision today addresses just the applicable Texas constitutional and statutory provisions regarding right to counsel of an accused who is *not* shown to be indigent.

▉ As already indicated, upon finding him guilty the trial court assessed punishment at a fine of $100.00 and 90 days confinement in the San Augustine County Jail, but did not render judgment thereon, and placed appellant on probation for a period of one year on prescribed terms and conditions that include:

"(4) Report to the probation officer as directed;

(7) Remain within a specified place, to-wit, San Augustine County, and not move therefrom without leave of the court;

(11) Report to the probation officer between the 10th and 20th day of each month for the period of probation."

These stated conditions and the statutory provisions authorizing them and threatening sanctions for violating them, see Article 42.13, Sections 5(a) and (b) and 6(a), V.A.C.C.P., constitute such firm restrictions on personal freedom and liberty of movement[6] that notions of due process and due course of law mandate they be imposed only after a hearing to determine "that the ends of justice and the best interests of society and of the defendant will be served by granting him probation," *id.*, Section 3(a)(4); see *Allsup v. State*, 495 S.W.2d 238, 239–240

---

cific provisions were made for other rights "in all prosecutions by presentment or indictment." Article I, Section 10, of the present Constitution likewise includes the "right to be heard" among others set out in a lengthy phrase and then, preceded by a semicolon, is a phrase that prohibits holding any person "to answer for a criminal offense, unless on an indictment of a grand jury, *except in cases in which the punishment is by fine or imprisonment, otherwise than in the penitentiary . . ."*

**5.** Subsequently, of course, the matter of the states' furnishing counsel for indigent accused in certain misdemeanor cases reached constitutional dimension under the *Sixth and Fourteenth Amendments* to the Constitution of the *United States in Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972)

and its recent clarification in *Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 1163, 59 L.Ed.2d 383 (1979) that seems to have been anticipated by a majority of this Court in *Empy v. State*, 571 S.W.2d 526 (Tex.Cr.App.1978). The rule, for Sixth and Fourteenth Amendment purposes, is as stated in *Scott v. Illinois*, supra:

"We therefore hold that the Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense."

**6.** A longer period of probation has been viewed by some as "a greater punishment" than a shorter term of confinement, see *Lechuga v. State*, 532 S.W.2d 581 (Tex.Cr.App.1975).

(Tex.Cr.App.1973); *Martin v. State*, 452 S.W.2d 481 (Tex.Cr.App.1970) and cases there cited, during which the court "must receive competent evidence concerning the defendant's entitlement to probation," Article 42.13, Section 3(d), supra. The procedures as well as the prospects dictate that the accused, who must be present, *Warren v. State*, 532 S.W.2d 589 (Tex.Cr.App.1976), Article 33.03, V.A.C.C.P., have assistance of the "guiding hand" of trial counsel.

■ Similarly, an accused must be present at a hearing on motion to revoke where the punishment initially assessed was confinement in jail because of the likelihood that sentence will be imposed, see *Millman v. State*, 487 S.W.2d 750, 752 (Tex.Cr.App. 1972) and *Casias v. State*, 503 S.W.2d 262, 264 (Tex.Cr.App.1973). Requiring his presence necessarily produces his right to be heard on the issues raised by the motion and their ultimate determination by the trial court. And here again the assistance of trial counsel is to ensure that the facts are marshaled, mitigating evidence is introduced and exercise of discretion by the trial court in continuing, modifying or revoking probation is informed by all relevant circumstances—functions of counsel that impressed the Supreme Court in *Mempa v. Rhay*, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967) and *McConnell v. Rhay* and *Stiltner v. Rhay*, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968) and Presiding Judge Onion

in *Crawford v. State*, 435 S.W.2d 148, 152 [7] (Tex.Cr.App.1968). See also the litany of opportunities for assistance suggested in *Whisenant v. State*, 557 S.W.2d 102, 105 (Tex.Cr.App.1977). These considerations are likewise applicable to the initial hearing on application for probation—perhaps even more so for the effort there is to achieve probation rather than confinement in the first place.

■ We hold, therefore, that the right to counsel vouchsafed by Article I, Section 10 of the Texas Constitution and Article 1.05, V.A.C.C.P., otherwise applicable in misdemeanor cases, is not lost because the trial court granted probation after assessing punishment of a term of confinement in jail. The right to counsel, of course, may be waived, and it is to that question that we now turn.

■ The only evidence in this record concerning appellant's purported waiver of his right to counsel and his other constitutional rights is the form recital in the minutes of the court that appellant was "duly admonished," [8] pleaded guilty and "waived trial by jury." Nowhere does this record contain a form recital tending to show that appellant knowingly, intelligently and voluntarily waived his right to representation before entering his plea of guilty.[9] Though instruments containing form recitals have been held as tending to establish waiver, they are

7. "The necessity for the aid of counsel in marshaling the facts, introducing evidence of mitigating circumstances, cross examining witness and, in general, aiding and assisting the probationer in such hearing is apparent.

    Further, certain legal rights may be lost if not exercised at this stage. Without enumerating them all, it is observed that a defendant has a right of appeal following revocation. * * * *"

8. Even the testimony of the trial judge belies that form assertion, for it is undisputed that the "admonishment" was really the magistrate's warning outlined in note 1, supra.

9. A detailed examination of the trial judge's testimony as adduced at the hearing on appellant's motion for new trial adds further support to our holding herein that appellant did not waive his right to counsel knowingly, intelligently, and voluntarily. The trial judge recounted that he gave appellant the choice of

either pleading guilty or making bond and being tried by a jury and that if he chose the latter alternative, he would have to have an attorney to make bond and to represent him. Such an explanation, as manifestly incorrect as it is, obviously had the effect of giving appellant the proverbial "Hobson's Choice" of either pleading guilty or of hiring a lawyer to make bond.

    The setting in which the plea hearing was held is also illuminating on the question of waiver. The offense was alleged to have occurred March 2, 1979, appellant was confined following his arrest, the complaint and information were prepared and filed and on the morning of the same day appellant was brought from his jail cell to a "back office" in the jailhouse—said to be the J. P. Court— where the matter was taken up and promptly disposed of.

**836**

not conclusive proof of such facts. *Ex parte Ross,* 522 S.W.2d 214 (Tex.Cr.App. 1975).

Indeed, to protect so fundamental a right as the right to counsel, courts indulge every reasonable presumption *against* waiver. *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed.2d 1461 (1938) and to this extent, this Court has consistently held that the record must *clearly* show that the accused voluntarily, knowingly and intentionally waived such right. *Jordan v. State,* 571 S.W.2d 883 (Tex.Cr.App.1978); *Barbour v. State,* 551 S.W.2d 371 (Tex.Cr.App.1977); *Thomas v. State,* 550 S.W.2d 64 (Tex.Cr. App.1977).

The State advances the contention that this record does not indicate that appellant was an immature person or one lacking the understanding of an average person and that, given the totality of the circumstances, waiver is demonstrated. We do not agree. The trial court did not conduct any inquiry into appellant's age,[10] educational background, prior experience with the criminal justice system, his knowledge of the rules of evidence or trial procedure nor, as outlined above, was there any mention of the respective advantages and disadvantages of having an attorney present on the one hand and or representing one's self on the other. See, e. g., *Lawson v. State* (Tex.Cr.App., No. 57,344, delivered May 16, 1979).

Accordingly, we are unable to conclude from the testimony and remarks in the hearing on appellant's motion for new trial and on the record as a whole that appellant intelligently, voluntarily, and knowingly waived his right to counsel. See *Carnley v. Cochran,* 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962).

For the reasons pointed out above, the judgment is reversed and the cause remanded.

---

**10.** The record does not reveal the age of appellant but we do note the testimony that his father was present during some or all of the proceedings.