Mark Allen NASH, Appellant,

v.

The STATE of Texas, Appellee.

No. 63675.

Court of Criminal Appeals of Texas, Panel No. 2.

March 19, 1980.

Lamar W. Hankins, Bryan, for appellant.

John M. Barron, Jr., County Atty., Bryan, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and CLINTON, JJ.

OPINION

CLINTON, Judge.

Charged with the misdemeanor offense of driving while intoxicated, appellant entered a plea of guilty and, upon that plea, was found guilty by the trial court. Punishment was assessed at thirty days in jail and a $230.00 fine, the former being probated for one year.

In his sole ground of error, appellant contends that the trial court erred in accepting his plea of guilty and assessing punishment involving "imprisonment" absent a knowing and intelligent waiver of his constitutional right to counsel. For reasons more fully developed below, we overrule this contention and now affirm.

Appellant was arrested for the instant offense on February 11, 1979 and, shortly thereafter, consented to take a breathalyzer test. The results of that test showed that appellant "blew" a .13, a reading of .10 creating a statutory presumption that the accused is intoxicated. See, e. g., *Annis v. State*, 578 S.W.2d 406, 407 (Tex.Cr.App. 1979). Some eleven hours after taking the breathalyzer test, appellant was brought before the Brazos County Court at Law where he evidenced a desire to "take care of the case today" and pled guilty. The prosecutor read the misdemeanor information to appellant who indicated that he understood the nature of the charges against him. Appellant further stated that he desired to plead guilty, that he wished to waive his right to trial by jury, and that he understood the terms of a form which he had signed denominated "WAIVER OF RIGHT TO AN ATTORNEY AND OTHER RIGHTS AND PLEA OF GUILTY." Omitting the formal parts, this form recited that:

"Now comes MARK NASH, the defendant in this cause and represents to the Court the following, to wit:

*I know that I have the right to be represented by an attorney in this case* and that if I cannot afford to hire an attorney then the Court would appoint an attorney to represent me, and I have no attorney, and *I voluntarily waive my right to have an attorney defend me in this case.*

*Under oath, in writing and in open Court I swear that I understand the charge*

*against me in this cause* ; that I committed each and every element of the charge alleged; and that I am GUILTY as charged. *I specifically waive my right to be tried before a jury* and ask the Court to decide all of the issues in this case. I further ask that the Court accept my plea of Guilty and waiver of trial by jury; enter a judgment in this case and proceed to sentence me according to the law and without further delay. *I understand my right to appeal this case* to the Texas Court of Criminal Appeals *and my right to appointed counsel upon appeal* if I cannot afford an attorney, *and I specifically waive my right to appeal* the Court's decision in this case." [1]

The foregoing form was signed in open court by appellant and approved by the trial court.

Additionally, the record discloses that prior to the entry and acceptance of his guilty plea, appellant signed another form entitled "EXPLANATION OF RIGHTS AND PROCEDURES." This form explained, *inter alia,* that an accused has the right to be represented by an attorney up to and including the perfection of an appeal to the Court of Criminal Appeals and that, if the accused could not afford one, an attorney would be appointed without charge by the court. If the accused wanted to act as his own counsel, this form indicated that he had the right to so act but that, if an attorney was otherwise requested, the case would be reset for one week to enable the accused to contact counsel, either appointed or retained. The accused was also notified of his rights under the Speedy Trial Act and that if a reset was requested, it would extend the time limits pursuant to the Speedy Trial Act under which the State could try him. The form outlined requisites of executing a pauper's affidavit if appointed counsel was requested and then informed the accused that he or she would have to, at this time, decide whether a plea of guilty or not guilty would be entered and

whether counsel was desired. Appellant chose the fourth alternative listed, to wit:

"[4] I *do not want* a lawyer. I understand my right to have a lawyer and want to waive that right. I want to plead *GUILTY* and finish the case today." [Emphasis in original]

Appellant signed his name below all of the above.

At the hearing on his motion for new trial, appellant testified that he had no legal training, experience or knowledge relating to: the rules of evidence, the preparation of a defense, compulsory process, cross examination, legal presumptions, or the collateral consequences inherent in waiving the right to an attorney and entering a plea of guilty. Appellant graduated from high school and was employed as an installer of garage doors making approximately $600.00 per month. He was nineteen years of age at the time of the offense and was living home with his parents.

The thrust of appellant's contention that he did not knowingly and intelligently waive his right to counsel lies in his assertion that "the record below does not show the Appellant's age, occupation, educational background, previous court experience, etc., so as to show that [his] waiver of the right to counsel was knowing and intelligent, nor was there any showing that Appellant was made aware of the disadvantages of self-representation . . ." Additionally, contends appellant, this record does not indicate that he had been informed of the range of punishment for the offense charged, nor admonished as to the elements of the offense or that a conviction therefor could be utilized for enhancement purposes at a later date.

■ Appellant is correct in his assertion that the right to counsel, otherwise applicable in misdemeanor cases, is not lost merely because the trial court grants probation after assessing punishment with a period of confinement in jail. *Warr v. State,*

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

591 S.W.2d 832, 835 (Tex.Cr.App.1979). But, as we noted in *Warr*, supra, this right to counsel may be waived, and it is to this question that we now turn.

There can be *no* doubt about waiver in this case. This record contains two different forms which advised appellant of his right to counsel, his right to a trial by jury, and his correlative right to waive those rights. Indeed, the form entitled "EXPLANATION OF RIGHTS AND PROCEDURES" goes so far as to define the word "waive" as giving up such a right or not taking advantage of it and putting the "waiver" concept in the context with the right to counsel etc. Appellant signed this and the other form indicating that he knew and understood the aforementioned rights, including his right to counsel and that he wished to waive them and "finish the case today." Additionally, in open court, he again stated that he knew and understood his rights and that he wished to waive them in entering a plea of guilty. Finally, Fred Maddox, a Brazos County Probation Officer, confirmed his common practice to make sure that an accused in County Court at Law understands that he has the absolute right to an attorney and that such right, consistent with the explanation of the two printed forms alluded to above, was fully explained to the appellant, and that his signature appears on those two forms waiving that and other rights.

Though it is true, as appellant points out in his brief, that he was not fully admonished as to the elements of the offense and the range of punishment involved, this Court has held that the provisions of Article 26.13, V.A.C.C.P., outlining the statutory admonishments that must accompany a plea of guilty, do not apply to misdemeanor pleas of guilty. See *Gallegos v. State*, 425 S.W.2d 648 (Tex.Cr.App.1968). As regards the elements of the instant offense, we

pause only to note that the prosecutor read the information to appellant and that the latter stated in open court that he understood the nature and quality of the charges against him.

▮ Appellant's reliance on the holdings of *Jordan v. State*, 571 S.W.2d 883 (Tex.Cr.App.1978) and its progeny is misplaced. In those cases, the accused actually acted as his or her own counsel and chose to enter a plea of not guilty. Whether this appellant would have been qualified to have acted as his own counsel in a contested case is an entirely different question, but we are not called upon today to answer that query.[2] Instead, this record reveals an individual who confessed guilt in the first instance, motivated to do so, in part, by a damaging reading on a post arrest breathalyzer test. It was only after an apparent change of heart that he attempted to advance the contention that he did not knowingly and intelligently relinquish his right to counsel. And as recounted above, this record quite clearly evidences that he did.

▮ We adhere to our earlier holdings that to protect so fundamental a right as the right to counsel we will indulge every *reasonable* presumption *against* waiver, *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), and to this extent the record must *clearly* show that the accused voluntarily, knowingly, and intentionally waived such right. *Jordan v. State*, supra; *Barbour v. State*, 551 S.W.2d 371 (Tex.Cr.App.1977); *Thomas v. State*, 550 S.W.2d 64 (Tex.Cr.App.1977). Here it does.

Accordingly, we conclude from the testimony and exhibits introduced at the hearing on appellant's motion for new trial and on the record as a whole that appellant intelligently, voluntarily, and knowingly waived his right to counsel. See *Carnley v. Cochran*, 369 U.S. 506, 82 S.Ct. 884, 8

2. In selecting the fourth option contained in the form "Explanation of Rights and Procedures," appellant passed over and thereby rejected the first three, that third reading:

"(3) I *do not want* a lawyer. I understand my right to have a lawyer and want to waive that right. I want to plead *NOT GUILTY* and have a trial." [Emphasis in original]

L.Ed.2d 70 (1962); compare *Warr v. State,* supra.

The judgment is affirmed.