**John Bob WATSON, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. O7–81–0006–CR.**

Court of Appeals of Texas, Amarillo.

Sept. 24, 1981.

C. R. Daffern, Amarillo, for appellant.

Thomasina Thomas, Asst. Criminal Dist. Atty., Canyon, for appellee.

Before REYNOLDS, C. J., and DODSON and BOYD, JJ.

BOYD, Justice.

This is an appeal from a conviction for felony possession of a controlled substance. Punishment was assessed by the jury at thirty-five (35) years imprisonment.

Appellant raises one ground of error. He contends the court committed reversible error in admitting, during the penalty stage of the trial, evidence of a prior probation revocation in which he had not been represented by counsel. We overrule the point and affirm the conviction.

The order revoking probation is silent as to whether or not appellant was represented by counsel. The order was admitted over the objection that "[t]here is nothing that showed the defendant had an attorney at that time." At the hearing on the motion for new trial, the docket sheet concerning the case on which probation was revoked was introduced. It contains this notation pertinent to the point in question: "[d]efendant states he prefers to represent himself and does not desire appointment of counsel." No other evidence on this point is in the record.

It is axiomatic that, in the absence of a knowing and intelligent waiver, appellant was entitled to counsel at the revocation hearing. *Mempa v. Rhay,* 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); *Ex parte Jentsch,* 510 S.W.2d 320 (Tex.Cr.App. 1974). However, when an appellant collaterally attacks his prior probation revocation on the ground that he was not represented by counsel, as here, he has the burden to show that (1) he was denied the right to counsel, or that (2) he was without counsel, was indigent and did not voluntarily waive his right to counsel. *Mendoza v. State,* 552 S.W.2d 444 (Tex.Cr.App.1977); *Boss v. State,* 489 S.W.2d 580 (Tex.Cr.App.1972); *Clark v. State,* 496 S.W.2d 83 (Tex.Cr.App. 1973). Because appellant produced no proof to discharge his burden, his ground of error is without merit.

In overruling appellant's ground of error, we have not overlooked appellant's reliance on the principle that the burden was on the state to show either that the defendant was represented by counsel at the revocation hearing or that he knowingly and intelligently waived counsel. That principle, as demonstrated in the cases upon which ap-

pellant relies, is applied in situations other than the collateral attack made here by appellant.

For example, in appellant's line of cases typified by *Warr v. State*, 591 S.W.2d 832 (Tex.Cr.App.1979), the principle was applied to a *direct appeal* from a conviction, the court noting the heavy burden on the state to establish waiver of counsel in an indigency case. The cause before us is not a direct appeal from the conviction without counsel.

This appeal does not come within the scope of the principle's application in habeas corpus cases such as *Ex parte Flores*, 537 S.W.2d 458 (Tex.Cr.App.1976), where after an evidentiary hearing, the trial court specifically found that the defendant was without counsel at the revocation hearing, or such as *Ex parte Olvera*, 489 S.W.2d 586 (Tex.Cr.App.1973), where, in such evidentiary hearing, the court erroneously found the admission of prior uncounseled misdemeanor convictions was harmless error.

Equally distinguishable is *Ex parte Stewart*, 582 S.W.2d 144 (Tex.Cr.App.1979), a habeas corpus proceeding involving a prior conviction based upon a fatally defective indictment, a circumstance not present in the appeal before us.

The judgment is affirmed.