Rolando ROBLEDO, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–85–0039–CR.

Court of Appeals of Texas,
Amarillo.

May 30, 1986.

Gene Storrs, Amarillo, for appellant.

Barry E. Blackwell, Dist. Atty., Dumas, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

REYNOLDS, Chief Justice.

In a consolidated trial proceeding, appellant Rolando Robledo was prosecuted, under trial court cause numbers 1986 and 1987, respectively, for the indicted offenses of burglary and attempted murder. The jury convicted appellant of the burglary offense charged in cause number 1986, assessed his punishment at 30 years confinement, and this appeal ensued.[1]

Appellant contends, with three grounds of error, that (1) the trial court erroneously admitted, at the punishment phase of the trial, evidence of appellant's previous uncounseled conviction of a misdemeanor offense, (2) the indictment was fundamental-ly defective, and (3) the trial court improperly refused to charge the jury on lesser included offenses raised by the evidence. The grounds will be overruled and the judgment will be affirmed.

Appellant has not challenged the sufficiency of the evidence. Accordingly, for an adequate positioning of the grounds advanced, it suffices at this point to simply record the State's undisputed evidence that at an early morning hour on 15 October 1984 appellant entered the residence of his former wife, Yolanda Robledo, from whom he had only days before been divorced, and stabbed her and one Richard Benson with a knife.

At the punishment phase of the trial, the State offered, and the court received over appellant's objection, evidence of appellant's 21 February 1984 conviction, upon his guilty plea, of misdemeanor driving while intoxicated. Among the record documents of the prior conviction was a preprinted form, signed by appellant and the there-presiding judge, containing this language:

### WAIVER OF ATTORNEY

COMES NOW the defendant, in writing, and in open Court, stating that I am 21 years of age and have completed 11 years of education. I can/cannot read and write the English language. I do/do not have sufficient funds with which to employ an attorney but I do not desire to do so. I understand the disadvantages of self representation but I freely and voluntarily choose not to be represented by counsel. I further understand I will receive no special indulgence by the court and that I must follow the technical rules of substantive law and criminal procedure and evidence. I further understand that the prosecution will be represented by an experienced professional counsel. I am aware that any misbehavior or disruption could cause my right of self representation to be vacated and

---

1. The jury concurrently convicted appellant in cause number 1987, albeit for the lesser included offense of aggravated assault. That judg-ment, appealed from and docketed under our cause number 07–85–0050–CR, was affirmed this day.

that afterwards of this hearing I cannot legally claim inadequacy of representation. This waiver is approved in writing by the court this date in open court.

s/ Rolando Robledo
Defendant
s/ Jack D. Powell
Judge Presiding

After the jury was retired to assess punishment in the present prosecution, Moore County Judge Jack Powell testified to the court respecting the admonishments he gave appellant when appellant entered his guilty plea to the driving while intoxicated charge. He testified that he went through the waiver of attorney form with appellant, explained to appellant his right to be represented by an attorney, and advised that "it's almost always unwise to ... represent yourself, there are disadvantages to self representation." Following these admonitions and appellant's responses thereto, Judge Powell was "satisfied that [appellant] understood ... the ramifications involving this waiving of an attorney."

Evidence of the misdemeanor conviction should not have been admitted, appellant argues in furtherance of his first ground of error, because the documentation of the conviction failed to show he made a knowing, intelligent or voluntary waiver of his right to counsel. This evidential deficiency, appellant maintains, was not overcome by Judge Powell's testimonial recollection of what transpired on the occasion of the guilty plea.

■ In collaterally challenging the validity of his uncounseled driving while intoxicated conviction, appellant had the burden to show he was indigent and did not voluntarily waive his right to counsel. *Disheroon v. State*, 687 S.W.2d 332, 334 (Tex.Cr.App.1985); *Chancy v. State*, 614 S.W.2d 446, 447 (Tex.Cr.App.1981). However, in urging his objection to the evidence of the conviction, appellant did not adduce evidence that he did not there voluntarily waive counsel; he only pointed to the State's perceived failure to demonstrate, in face of the averment of his indigency in the State's own evidence, that he had voluntar-

ily waived representation. This state of the evidence is insufficient to overcome the presumption of regularity of the record before the trial court, *Disheroon v. State, supra,* and appellant's failure to thus discharge his burden would warrant rejection of his appellate contention without further comment. *Watson v. State,* 622 S.W.2d 610, 611 (Tex.App.—Amarillo 1981, no pet'n).

■ But beyond that, the waiver of attorney form appellant signed, coupled with Judge Powell's testimony, is an ample demonstration that appellant knowingly, intelligently and voluntarily waived his right to representation by counsel. *Nash v. State,* 591 S.W.2d 460, 461–63 (Tex.Cr.App.1980). The first ground of error is overruled.

Appellant was prosecuted under an indictment in which, with the omission of the formal parts, it was charged that he did

intentionally and knowingly and without the effective consent of YOLANDA ROBLEDO, enter a building owned by the said YOLANDA ROBLEDO, and did then and there commit the felony offense of aggravated assault of YOLANDA ROBLEDO by using a deadly weapon, to-wit: a knife, that in the manner of its use and intended use was capable of causing death and serious bodily injury, and that said building was then and there a habitation.

The indictment was drawn pursuant to section 30.02(a)(3), Texas Penal Code Annotated (Vernon 1974), which provides that a person commits a burglary if "without the effective consent of the owner" he "enters a building or habitation and commits or attempts to commit a felony or theft."

■ Appellant filed no motion to quash the indictment, a procedural prerequisite to appellate review of any claimed deficiency in an indictment save for fundamental error. *American Plant Food Corp. v. State,* 508 S.W.2d 598, 603 (Tex. Cr.App.1974). Yet the indictment is indeed fundamentally defective, appellant contends with his second ground of error, because it fails to allege a culpable mental

state when he entered a building owned by Yolanda Robledo. This is so, appellant reasons, because the words "intentionally and knowingly" allege only that he knew what he was doing when he entered the building, but do not allege a culpable mental state on his part at the time he entered the building.

The contention is untenable. Section 30.02, *supra,* the burglary statute, does not mention a culpable mental state; but, since one is required by the Code's requirement of culpability, the requirement is met in the type of burglary involved here when the person knowingly or intentionally enters a habitation where he commits a felony. *Day v. State,* 532 S.W.2d 302, 305 n. 1 (Tex.Cr.App.1975). Thus, the indictment is sufficient and it is not fundamentally defective as appellant contends. *Davila v. State,* 547 S.W.2d 606, 608–09 (Tex.Cr.App. 1977). The second ground is overruled.

With his third ground, appellant complains of the trial court's refusal, by overruling his objection to the court's charge and by refusing his requested charges, to charge the jury on the lesser included offenses of attempted murder and aggravated assault. He was entitled to the charge, he says, because the jury could have believed from the testimony that he had no knowledge or intent when he entered the building, but he thereafter formed the requisite mental state to commit an aggravated assault upon, or attempt to murder, Yolanda Robledo.

■■■ As pertinent here, the criminal procedural code provides that an offense is a lesser included offense if

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged.

Tex.Code Crim.Proc.Ann. art. 37.09(1) (Vernon 1981). Thus, the type of burglary alleged here—a person knowingly or intentionally entered a habitation without the consent of the owner and committed a felony—could well include the commission of the felony offenses of attempted murder or aggravated assault.[2]

■■■ Nevertheless, merely because one offense may be a lesser included offense of another, or, as evidenced here, merely because a lesser offense is included within the proof of the offense charged, does not mean that a charge on the lesser offense is required. The charge is required only if there is evidence which shows that if the accused is guilty, he is guilty only of the lesser offense. *Broussard v. State,* 642 S.W.2d 171, 173–74 (Tex.Cr.App.1982); *Royster v. State,* 622 S.W.2d 442, 446 (Tex. Cr.App.1981).

■■■ In establishing the commission of the burglary alleged, the State proved, as it was required to do under the indictment, an aggravated assault by appellant upon Yolanda Robledo. However, the fact that the State proved a lesser offense in discharging its burden of proof does not, either automatically or standing alone, entitle appellant to a charge on that or some other lesser offense, *Cordova v. State,* 698 S.W.2d 107, 113 (Tex.Cr.App.1985), for, as noted, a charge on a lesser offense is required only if there is evidence that appellant is guilty only of a lesser offense. *Broussard v. State, supra; Royster v. State, supra.*

As mentioned earlier, appellant has not challenged the sufficiency of the evidence to support his conviction for burglary. Indeed, he acknowledged that he had no right to be in Robledo's house and that he entered it without her consent; he admitted on cross-examination that he "did all those things" alleged in the indictment. His only explanation was that when he went in the house and heard Robledo yell, he guessed he panicked and stabbed Benson, after which he did not remember anything. He did not know, he said, that he had stabbed Yolanda Robledo or knew she was hurt except for a cut he saw on her arm. He repeated that he "didn't want to hurt nobody."

---

**2.** Aggravated assault may be, and in some cases is, a lesser included offense of attempted murder. *Rocha v. State,* 648 S.W.2d 298, 300–01 (Tex.Cr.App.1983).

Given the evidential record, there is no evidence that serves to negate or even disputes the existence of appellant's knowing and intentional entry into the building without the consent of Yolanda Robledo, the owner. Absent a dispute about these factual elements of burglary, appellant was not entitled to a charge on a lesser included offense committed after his unauthorized entry into the building. *Accord, Watson v. State,* 605 S.W.2d 877, 884 (Tex.Cr.App. 1980). This obtains because the state of the evidence does not raise the issue that if appellant is guilty, he is guilty only of the offense of attempted murder or aggravated assault. *Id.* The third ground is overruled.

The judgment is affirmed.