COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-09-103-CR

 

 

EX PARTE IVAN DARIO
RESTREPO

 

                                              ------------

 

        FROM COUNTY CRIMINAL
COURT NO. 8 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

In March 1993, the State charged Appellant Ivan
Dario Restrepo with the misdemeanor offense of indecent exposure.  Subsequently, Restrepo pleaded guilty and, in
accordance with a plea bargain agreement, the trial court granted Restrepo
deferred adjudication, sentencing him to eighteen months=
community supervision.  After Restrepo
successfully completed deferred adjudication, the trial court discharged his
community supervision and dismissed his case.








On September 2, 2008, Restrepo filed an
application for a writ of habeas corpus, seeking to have his 1993 guilty plea
set aside and a new trial granted on the ground that his guilty plea was
involuntary because the trial court failed to admonish him pursuant to article
26.13(a)(4) of the Texas Code of Criminal Procedure.  After a hearing on the matter, the trial
court denied Restrepo=s writ application.  Restrepo then filed a motion for rehearing,
which the trial court later denied.

In his sole issue on appeal, Restrepo asserts
that the trial court=s failure to admonish him, in
accordance with article 26.13(a)(4) of the code of criminal procedure, about
the immigration consequences of his guilty plea constituted harmful error
because the record failed to demonstrate that he was a United States citizen at
the time of his plea.  We disagree.








        It is true that the legislature has chosen to require by
statute that trial courts admonish persons pleading guilty to a felony
that their pleas might result in deportation, the exclusion from admission to
the United States, or the denial of naturalization under federal law. See
Tex. Code Crim. Proc. Ann. art. 26.13(a)(4) (Vernon Supp. 2009); State v.
Jimenez, 987 S.W.2d 886, 889 (Tex. Crim. App. 1999).  The legislature, however, has not chosen to
require these same admonishments for persons charged with misdemeanors,
and the court of criminal appeals has consistently held that article 26.13 does
not apply to misdemeanor cases.  See
Gutierrez v. State, 108 S.W.3d 304, 309 (Tex. Crim. App. 2003); McGuire
v. State, 617 S.W.2d 259, 261 (Tex. Crim. App. 1981); Johnson v. State,
614 S.W.2d 116, 120 n.1 (Tex. Crim. App. 1981); Nash v. State, 591
S.W.2d 460, 463 (Tex. Crim. App. 1980); Empy v. State, 571 S.W.2d 526,
529B30 (Tex.
Crim. App. 1978) (citing cases back to 1879).[2]  Thus, because Restrepo was convicted of a
misdemeanor, we cannot conclude that the trial court erred by failing to meet
the requirements of article 26.13.  See
Rosa v. State, Nos. 05-04-00558-CR, 05-04-00571-CR, 2005 WL 2038175, at *1
(Tex. App.CDallas Aug. 25, 2005, pet. ref=d)
(holding that  trial court did not err in
failing to meet the requirements of article 26.13 where defendant was convicted
of a misdemeanor).  Accordingly, we
overrule Restrepo=s sole issue and affirm the
trial court=s judgment.

 

BOB
MCCOY

JUSTICE

PANEL:  WALKER, MCCOY, and
MEIER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: December 31, 2009








 











[1]See Tex. R. App. P. 47.4.





[2]In support of his
argument, Restrepo directs our attention to Vannortrick v. State, in
which the court of criminal appeals held that the trial court was required to
admonish the defendant of the deportation consequences of his guilty pleas and
that error in failing to admonish the defendant about deportation consequences
of guilty pleas was not harmless.  227
S.W.3d 706, 712B14 (Tex.  Crim. 
App.  2007).  Vannortrick, however, is
distinguishable from this case because the defendant in Vannortrick was
convicted of a felony.