

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-09-103-CR

EX PARTE IVAN DARIO RESTREPO

------------

FROM COUNTY CRIMINAL COURT NO. 8 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In March 1993, the State charged Appellant Ivan Dario Restrepo with the misdemeanor offense of indecent exposure. Subsequently, Restrepo pleaded guilty and, in accordance with a plea bargain agreement, the trial court granted Restrepo deferred adjudication, sentencing him to eighteen months' community supervision. After Restrepo successfully completed deferred adjudication, the trial court discharged his community supervision and dismissed his case.

---

[1] ... *See* Tex. R. App. P. 47.4.

On September 2, 2008, Restrepo filed an application for a writ of habeas corpus, seeking to have his 1993 guilty plea set aside and a new trial granted on the ground that his guilty plea was involuntary because the trial court failed to admonish him pursuant to article 26.13(a)(4) of the Texas Code of Criminal Procedure. After a hearing on the matter, the trial court denied Restrepo's writ application. Restrepo then filed a motion for rehearing, which the trial court later denied.

In his sole issue on appeal, Restrepo asserts that the trial court's failure to admonish him, in accordance with article 26.13(a)(4) of the code of criminal procedure, about the immigration consequences of his guilty plea constituted harmful error because the record failed to demonstrate that he was a United States citizen at the time of his plea. We disagree.

It is true that the legislature has chosen to require by statute that trial courts admonish persons pleading guilty to a *felony* that their pleas might result in deportation, the exclusion from admission to the United States, or the denial of naturalization under federal law. *See* Tex. Code Crim. Proc. Ann. art. 26.13(a)(4) (Vernon Supp. 2009); *State v. Jimenez*, 987 S.W.2d 886, 889 (Tex. Crim. App. 1999). The legislature, however, has not chosen to require these same admonishments for persons charged with *misdemeanors*, and the court of criminal appeals has consistently held that article 26.13 does not apply to misdemeanor cases. *See Gutierrez v. State*, 108 S.W.3d 304, 309 (Tex.

2

Crim. App. 2003); *McGuire v. State*, 617 S.W.2d 259, 261 (Tex. Crim. App. 1981); *Johnson v. State*, 614 S.W.2d 116, 120 n.1 (Tex. Crim. App. 1981); *Nash v. State*, 591 S.W.2d 460, 463 (Tex. Crim. App. 1980); *Empy v. State*, 571 S.W.2d 526, 529–30 (Tex. Crim. App. 1978) (citing cases back to 1879).[2] Thus, because Restrepo was convicted of a misdemeanor, we cannot conclude that the trial court erred by failing to meet the requirements of article 26.13. *See Rosa v. State*, Nos. 05-04-00558-CR, 05-04-00571-CR, 2005 WL 2038175, at *1 (Tex. App.—Dallas Aug. 25, 2005, pet. ref'd) (holding that trial court did not err in failing to meet the requirements of article 26.13 where defendant was convicted of a misdemeanor). Accordingly, we overrule Restrepo's sole issue and affirm the trial court's judgment.

BOB MCCOY
JUSTICE

PANEL:  WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 31, 2009

---

[2]... In support of his argument, Restrepo directs our attention to *Vannortrick v. State,* in which the court of criminal appeals held that the trial court was required to admonish the defendant of the deportation consequences of his guilty pleas and that error in failing to admonish the defendant about deportation consequences of guilty pleas was not harmless. 227 S.W.3d 706, 712–14 (Tex. Crim. App. 2007). *Vannortrick*, however, is distinguishable from this case because the defendant in *Vannortrick* was convicted of a felony.

3