

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-17-00122-CR

_____

AMANDA ANN CANTRELL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 2
Hunt County, Texas
Trial Court No. CR1600542

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

Amanda Ann Cantrell entered a stipulation of evidence and pled guilty to the charged offense of driving while intoxicated, second offense. The trial court accepted her plea and found her guilty. During the hearing on punishment, the trial court admitted, without objection, certified judgments showing that Cantrell had been previously convicted of seventeen offenses from 1996 through 2014. At the conclusion of the punishment hearing, the trial court sentenced Cantrell to 340 days in county jail and assessed her a fine of $100.00.

On appeal, Cantrell contends that her counsel was ineffective for failing to object to the admission of one of her prior convictions.

We affirm the trial court's judgment because ineffective assistance of counsel has not been established.

## I. Ineffective Assistance of Counsel Has Not Been Established

In her sole point of error, Cantrell contends that her counsel was ineffective for failing to object to the admission of State's Exhibit 3, a 1998 judgment of conviction for theft, because the record reflects that she neither had counsel nor waived her right to counsel in that case.

As many cases have noted, the right to the effective assistance of counsel does not mean the right to errorless counsel. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). In order to prevail on a claim of ineffective assistance of counsel, the defendant must satisfy the two-pronged test set forth in *Strickland v. Washington*. 466 U.S. 668, 687–88 (1984); *see also Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009). The first prong requires a showing that counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466

U.S. at 688. This requirement can be difficult to meet since there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "This measure of deference, however, must not be watered down into a disguised form of acquiescence." *Profitt v. Waldron*, 831 F.2d 1245, 1248 (5th Cir. 1987) (finding ineffective assistance where counsel failed to request medical records and relied on court-appointed competency examination when he knew client had escaped from mental institution).

The second *Strickland* prong, sometimes referred to as "the prejudice prong," requires a showing that, but for counsel's unprofessional error, there is a reasonable probability that the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "A reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Id*. Thus, in order to establish prejudice,

> an applicant must show "that counsel's errors were so serious as to deprive defendant of a fair trial, a trial whose result was reliable." [*Strickland*, 466 U.S.] at 687, 104 S.Ct. 2052. It is not sufficient for Applicant to show "that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693, 104 S.Ct. 2052. Rather, [he] must show that "there is a reasonable probability that, absent the errors, the fact-finder would have had a reasonable doubt respecting guilt." *Id.* at 695, 104 S.Ct. 2052.

> . . . .

> The applicant has the burden to prove ineffective assistance of counsel by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Allegations of ineffectiveness must be based on the record, and the presumption of a sound trial strategy cannot be overcome absent evidence in the record of the attorney's reasons for his conduct. *Busby v. State*, 990 S.W.2d 263, 269 (Tex. Crim. App. 1999). The reviewing court must look to the totality of the representation, and its decision must be based on the facts of the particular case, viewed at the time of counsel's conduct so as to eliminate hindsight bias. *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052. In all cases, the "ultimate focus of

inquiry must be on the fundamental fairness of the proceeding." *Id.* at 696, 104 S.Ct. 2052.

*Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011).

A failure to make a showing under either prong defeats a claim for ineffective assistance. *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003). Allegations of ineffectiveness "must 'be firmly founded in the record.'" *Bone v. State*, 77 S.W.3d 828, 833 n.13 (Tex. Crim. App. 2002) (quoting *Thompson v. State*, 9 S.W.3d 808, 813–14 (Tex. Crim. App. 1999)). The *Strickland* test "of necessity requires a case-by-case examination of the evidence." *Williams v. Taylor*, 529 U.S. 362, 382 (2000) (quoting *Wright v. West*, 505 U.S. 277, 308 (1992) (Kennedy, J., concurring in judgment)).

We presume that trial counsel had a sound trial strategy, and this presumption is very difficult to overcome unless there is evidence in the record of counsel's reasons for his conduct. *Martinez*, 330 S.W.3d at 901. "Trial counsel 'should ordinarily be afforded an opportunity to explain his actions' before being denounced as ineffective." *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)). Where an appellate record is silent as to why trial counsel failed to take certain actions, the appellant has "failed to rebut the presumption that trial counsel's decision was in some way— be it conceivable or not—reasonable." *Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007); *see Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).

Here, during the punishment hearing, the State offered State's Exhibits 2–18, which consist of certified court documents and judgments showing that Cantrell had been previously convicted of seventeen separate criminal offenses. However, the documents included in State's Exhibit 3, a

4

1998 judgment of conviction for theft of property in an amount more than $50.00, but less than $500.00, reflect that Cantrell was not represented by counsel during the case and had not waived her right to counsel.[1] In order to collaterally attack an enhancing misdemeanor conviction, Cantrell had the burden to prove that, with respect to the enhancing misdemeanor conviction, she did not voluntarily, knowingly, and intelligently waive her right to counsel. *See Disheroon v. State*, 687 S.W.2d 332, 334 (Tex. Crim. App. 1985); *Robledo v. State*, 717 S.W.2d 647, 649 (Tex. App.—Amarillo 1986, no pet.).

In this case, the record is silent regarding why counsel did not object to the admission of State's Exhibit 3. Without trial counsel's explanation, the record is insufficient to evaluate whether counsel's assistance fell below an objective standard of reasonableness. *See Tong v. State*, 25 S.W.3d 707, 713–14 (Tex. Crim. App. 2000). Therefore, Cantrell has failed to overcome the presumption that her counsel acted reasonably. *See Mata*, 226 S.W.3d at 431.

We affirm the judgment of the trial court.

Ralph K. Burgess
Justice

Date Submitted:     November 2, 2017
Date Decided:     November 7, 2017

Do Not Publish

---

[1]The attorney waiver and affidavit of inability to employ counsel are unsigned. The written plea admonishments, the plea bargain agreement, and waiver of appeal are signed by Cantrell, but the lines for her attorney's signature are blank. The judgment states that Cantrell appeared "in person having knowingly and intelligently waived the right for counsel/and [her] attorney," but neither alternative is circled, interlineated, or otherwise indicated.