[pic]

 In the
 Court of Appeals
 Second Appellate District of Texas
 at Fort Worth

 No. 02-21-00002-CR
 No. 02-21-00003-CR

|Beecher Montgomery, Appellant |
| |
|v. |
| |
|The State of Texas |

the?

 On Appeal from the 396th District Court
 Tarrant County, Texas
 Trial Court Nos. 1591282D, 1627542D

 ORDER

 Appellant’s appointed appellate counsel has filed a motion to withdraw
and supporting brief stating that, in his opinion, this appeal is frivolous
and without merit. See Anders v. California, 386 U.S. 738, 744, 87 S. Ct.
1396, 1400 (1967). Once appointed counsel does so, we must examine the
appellate record, the Anders brief, and any pro se response. See In re
Schulman, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008); Stafford v. State,
813 S.W.2d 503, 510–11 (Tex. Crim. App. 1991). If we determine that any
arguable ground for appeal exists, we must grant the attorney’s motion to
withdraw, abate the appeal, and instruct the trial court to appoint new
appellate counsel “with directions to file a merits brief.” Schulman, 252
S.W.3d at 409.
 After performing our independent review, we conclude that there is at
least one arguable issue in this case: whether the trial court reversibly
erred by denying appellant’s Objection to Virtual Proceeding, in which he
objected generally to proceeding with the State’s motion to adjudicate
remotely and then specifically to his appearance via Zoom rather than
physically in the courtroom. Clerk’s R. at 74; 3 Reporter’s R. at 9–15.
Included in this issue is whether appellant’s Fourteenth Amendment due-
process right to be physically present at the proceeding was violated and
whether such an argument was preserved. See, e.g., Black v. Romano, 471
U.S. 606, 611–12, 105 S. Ct. 2254, 2258 (1985); Gagnon v. Scarpelli, 411
U.S. 778, 786, 93 S. Ct. 1756, 1761 (1973); Ex parte Carmona, 185 S.W.3d
492, 495 (Tex. Crim. App. 2006) (citing Gagnon for proposition that
probationer is entitled to “an opportunity to be heard in person” at a
revocation hearing); Whisenant v. State, 557 S.W.2d 102, 104–05 (Tex. Crim.
App. 1977) (describing Gagnon as setting forth “minimum requirements” of
revocation proceeding, noting that “[t]he proceeding to revoke probation,
although not the same as a criminal trial, requires substantially all the
same procedure,” and describing hearing as “[a]n adversary proceeding . . .
in which almost all of the rules of evidence and criminal procedure”
apply); Hughes v. State, No. 14-20-00628-CR, 2022 WL 778980, at *3–4 (Tex.
App.––Houston [14th. Dist.] Mar. 15, 2022, no pet. h.) (concluding, without
citing Black or Gagnon, that Sixth Amendment right to be present in the
courtroom at every stage of trial applies in deferred-adjudication
community-supervision revocation hearing); see also Tex. R. App. P. 47.7(a)
(providing that unpublished criminal opinions have no precedential value);
cf. Warr v. State, 591 S.W.2d 832, 835 (Tex. Crim. App. 1979) (“Similarly,
an accused must be present at a hearing on motion to revoke where the
punishment initially assessed was confinement in jail because of the
likelihood that sentence will be imposed”); Cantu v. State, 339 S.W.3d 688,
690–91 (Tex. App.––Fort Worth 2011, no pet.) (mem. op.) (concluding that it
is unclear whether Sixth Amendment confrontation right applies in deferred-
adjudication community-supervision revocation hearing).
 This is not to say that there are no other arguable issues that could
be raised in this appeal or that we have determined that the identified
issue ultimately has merit. But because we have identified an arguable
issue, we grant appointed appellate counsel’s motion to withdraw. We abate
the appeal for the trial court to appoint a new attorney and direct that
attorney to file a brief on the merits. See Schulman, 252 S.W.3d at 409.
 The trial court shall make the appointment and ensure that a
supplemental record is filed in this court no later than Monday, April 25,
2022. The appeal will be automatically reinstated, and this court will set
a new briefing schedule, when the supplemental record appointing new
counsel is filed.
 We direct the clerk of this court to send a notice of this order to
the attorneys of record, appellant, the trial court judge, the trial court
clerk, and the court reporter.
 Dated March 24, 2022.

 Per Curiam