Timothy Joe McGUIRE, Appellant,

v.

The STATE of Texas, Appellee.

No. 67203.

Court of Criminal Appeals of Texas,
Panel No. 1.

June 10, 1981.

Coye Conner, Jr., Tyler, for appellant.

Hunter B. Brush, Dist. Atty. and Dale Paul Summa, Asst. Dist. Atty., Tyler, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and ODOM, JJ.

## OPINION

ROBERTS, Judge.

The appellant was an informant for the Tyler Police Department in some drug cases. He spent about 10 weeks in protective custody, and he said that after his life was threatened he was advised by "law enforcement personnel" to carry a weapon to protect himself. He was carrying a handgun when he, accompanied by police officers, went to testify in a district court. Two sheriff's deputies noticed the handgun, and a complaint and information charging the offense of unlawfully carrying a handgun were filed. The appellant had no attorney, but he was accompanied by a police officer when he went to the prosecutor's office to plea bargain. A bargain was struck in which the appellant agreed to plead guilty and the State agreed to recommend a fine of $100 and deferred adjudication probation for 180 days. The prosecutor later testified:

> "We discussed a possible fine of $75.00 and costs and three days in Smith County Jail with credit for time served as a possible plea, however, with the Defendant

expressing considerable concern about having a prison record so we discussed the possibility of probation and the recommendation as discussed by the Defendant on the witness stand is basically correct. However, I would specifically state that the Defendant was concerned as to whether or not this—and was fully aware that this was a recommendation and was concerned as to whether or not what would happen [sic] if the Judge did not follow the recommendation and I assured them at that time that they would be allowed to withdraw the plea. I was under the impression at that time and the Defendant was under the impression that this was the plea arrangement and the plea bargain that we had entered into."

When the case was called for trial, the appellant waived a host of procedural rights, including counsel, and entered a plea of guilty. The court carefully admonished him about his rights. The court also asked if the appellant was pleading guilty "out of any hope of pardon or parole or any fear or threat or promise or persuasion," and the appellant said, "No, sir."

"THE COURT: And you do understand that the penalty to be assessed will be a fine not exceeding $2,000.00 or a jail sentence not exceeding one year or a combination of both such fine or some portion thereof and of such jail sentence or some portion thereof?

"A. Yes, sir.

"THE COURT: You understand that the Court is not bound or obligated, it may or it may not grant you probation depending on what he considers to be his legal duties and responsibility under the facts of the case and the Law of the texts?

"A. Yes, sir.

"THE COURT: You understand that?

"A. Yes, sir.

"THE COURT: And the punishment in general both as to whether it is probation or otherwise or whatever it may be or how much or how little it may be is a matter solely for the Court's determi-

nation. If the State has a recommendation to make or you have anything you want to say it will be considered but it's the Court's responsibility and duty to set it and the Court will set it according to what he deems to be proper.

"A. Yes, sir, I would like to say a piece when he gets finished____.

"THE COURT: Well, I'll give you an opportunity before punishment is assessed to say whatever you see fit to say."

The State and the appellant then made statements about the facts of the offense. The State then recommended a fine of $100 and deferred adjudication probation for 180 days. The court refused to accept the recommendation and assessed a punishment of 30 days' confinement and a $300 fine. The prosecutor asked for a short recess to "go upstairs and consult with the District Attorney in this matter. I believe that this case has cooperated with law enforcement agencies ____." The Court denied the request and adjourned.

The appellant appeared with counsel for sentencing. He presented a motion to withdraw his plea. After a hearing, the court denied the motion.

In his first ground of error the appellant asks us to reverse the conviction because the trial court did not comply with V.A.C.C.P. Article 26.13(a)(2):

"Provided that the court shall inquire as to the existence of any plea bargaining agreements between the state and the defendant and, in the event that such an agreement exists, the court shall inform the defendant whether it will follow or reject such agreement in open court and before any finding on the plea. Should the court reject any such agreement, the defendant shall be permitted to withdraw his plea of guilty or nolo contendere. . . ."

The flaw in this argument is that it has been held consistently that Article 26.13 and its predecessors do not apply to misdemeanor cases because Article 27.13 and its predecessors speak only of felony cases.[1] *Johnson v. State*, 614 S.W.2d 116, 120 n. 1 (1981); *Nash v. State*, 591 S.W.2d 460, 463 (Tex.Cr.App. 1980); *Empy v. State*, 571 S.W.2d 526, 529–530 (Tex.Cr.App. 1978) (citing cases back to 1879).[2] We are not able to overrule these decisions today, and this misdemeanor case cannot be disposed of on statutory grounds.

We advance to the constitutional question presented by the appellant's second ground of error: whether the appellant's decision to waive his rights and plead guilty was sufficiently knowing and voluntary to have met the standard of due process.

■ If a plea bargain agreement calls only for the State to recommend a punishment, and there is no guaranty by the State that a particular punishment will be assessed, then due process would not require that the defendant be allowed to withdraw his plea. *Gibson v. State*, 532 S.W.2d 69, 74 (Tex.Cr.App. 1975), *cert. denied*, 429 U.S. 822, 97 S.Ct. 72, 50 L.Ed.2d 83 (1976). *See Cruz v. State*, 530 S.W.2d 817 (Tex.Cr.App. 1975). But if the prosecutor promises the defendant, who has no counsel to advise him on the bargain, that the judge will assess a lighter sentence than actually is given, the conviction based on the defendant's plea of guilty cannot stand. *Machib-*

*roda v. United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). *See also Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977) (guilty plea would not be voluntary if defendant relied on his counsel's promise, made after apparent consultation with judge and prosecutor, that there was an agreement for the judge to assess a lighter punishment than actually given).

■ In this case the prosecutor, in effect, guarantied that a particular punishment would be given if the appellant pleaded guilty; that is, he "assured" the appellant that if the court rejected the recommendation of punishment, the appellant would be allowed to withdraw the guilty plea. Both parties were "under the impression that this was the plea arrangement," and this was a reasonable impression on which the uncounseled appellant was entitled to rely. Since the law pertaining to withdrawal of misdemeanor pleas differs from the assurance given by the prosecutor as an inducement for the agreement, and since the trial court did not follow the agreement, the appellant's waivers and plea were not made knowingly and voluntarily. The opinions we have cited above teach us that this plea is based on a denial of due process. The trial court should have allowed the plea to have been withdrawn.

■ Several aspects of this case are worth remarking. Of course the prosecutor should not have assured the appellant that

---

1. "A plea of 'guilty' or a plea of 'nolo contendere' in a felony case must be made in open court by the defendant in person; and the proceedings shall be as provided in Articles 26.13, 26.14 and 27.02. If the plea is before the judge alone, same may be made in the same manner as is provided for by Articles 1.13 and 1.15." V.A.C.C.P. art. 27.13.

2. *Scott v. State*, 29 Tex.Ct.App. 217, 15 S.W. 814 (1890), is cited sometimes for this proposition. See *Johnson v. State*, supra; *Gonzales v. State*, 456 S.W.2d 137, 139 (Tex.Cr.App. 1970); *Gallegos v. State*, 425 S.W.2d 648, 650 (Tex.Cr. App. 1968); *Mock v. State*, 164 Tex.Cr.R. 335, 336, 298 S.W.2d 583, 585 (1957). This is curious, because the *Scott* case has nothing to do with this proposition. The mistake in citation

seems to have arisen in S. Willson, Part II *The Penal Code and Code of Criminal Procedure of the State of Texas* 171 (J. McMillan rev. 4th ed. 1896). The publishers of Vernon's statutes "availed themselves" of Willson's annotations. 2 *Vernon's Criminal Statutes of Texas* v (1916). They repeated the mistake. *Id.* at 288. *Vernon's* became the familiar "black statutes" in 1925 and was absorbed later by West Publishing Company. M. Boner, *A Reference Guide to Texas Law and Legal History* 17 (1976). The mistaken citation continues to appear in the modern "black statutes." See 2 *Vernon's Annotated Code of Criminal Procedure of the State of Texas* 292 (West 1966). And so a mistake is perpetuated, in lawyer-like fashion, by copying.

the plea could be withdrawn, when it is well settled that Article 26.13 does not apply to misdemeanor cases. If the appellant had availed himself of his right to counsel, he should have been correctly advised that the prosecutor was giving false assurance. Finally the trial court, which gave several admirable admonishments, did not inquire explicitly whether there was a plea bargain.

"[W]e commend as better practice a procedure whereby the trial judge on the record informs the defendant and the attorneys for both the defense and the State that they have a duty to enumerate to the court and upon the record the details of any agreements that may have been reached as a result of plea negotiations. The instances in which defendants are misled by their own attorney or the State's attorney should be reduced, as well as the instances in which defendants feel they have been misled or deceived. We can perceive no valid reason why in this manner the whole subject of plea bargaining should not be brought out of the shadows and into the open light of day. The only effect can be more even-handed justice, a better informed exercise of judicial discretion, and an increase in the extent to which defendants feel the criminal justice system has treated them fairly."

*Cruz v. State*, 530 S.W.2d 817, 822 (Tex.Cr. App. 1975) (footnote omitted). *Accord, Gibson v. State*, 532 S.W.2d 69, 75 (Tex.Cr.App. 1975) ("the recommended practice upon entry of a guilty plea of inquiring whether the plea is the consequence of negotiations, and if so, what the terms of the negotiated plea are").

The judgment is reversed and the cause is remanded.