E.Q. - final 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-474-CV





IN THE MATTER OF E. Q.,



 APPELLANT




 




FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT



NO. 133,300-C, HONORABLE EDWARD S. JOHNSON, JUDGE PRESIDING



 




 The district court, sitting as the juvenile court, (1) found that E. Q. engaged in
delinquent conduct and committed him to the Texas Youth Commission for a determinate sentence
of fifteen years. We find that the trial court erred in denying E. Q.'s motion for new trial, as his
pleas of "true" were not freely and voluntarily given. Accordingly, we will reverse the judgment
of the trial court and remand this cause for further proceedings with instructions that E. Q. be
allowed to withdraw his pleas of "true" and be granted a new trial.



BACKGROUND


 E. Q., a minor, was charged with aggravated kidnapping and aggravated sexual
assault. The State initiated proceedings for an adjudication of delinquency and imposition of a
determinate sentence under the provisions of the Family Code. Tex. Fam. Code Ann. §§ 53.045,
54.04(d)(3), & 54.11 (West Supp. 1992). During plea-bargain negotiations, E. Q.'s attorney and
the prosecutor discussed the applicability of plea agreements to juvenile proceedings and the
opportunity to withdraw the plea if the court did not follow the sentencing recommendation.

 Based on discussions with the prosecutor, E. Q.'s attorney advised E. Q. that plea
bargaining was available but was not binding on the trial court, and that the pleas could be
withdrawn if the court did not follow the prosecutor's recommendation. In reliance on this
information, E. Q. entered into a plea agreement. The agreement provided that E. Q. would
waive his right to a jury trial and his privilege against self-incrimination and plead "true" to two
of the allegations in the State's original petition in exchange for the State making a
recommendation for a determinate sentence of only five years. Significantly, the stipulation of
evidence, which was the only evidence of E. Q.'s guilt, included the terms of the plea agreement.

 The trial court accepted E. Q.'s pleas of "true" and the stipulation of evidence, but
refused to follow the sentencing recommendation of the prosecutor. Instead, the court assessed
a determinate sentence of fifteen years. E. Q. moved to withdraw his pleas. The court denied
this motion and E. Q. filed a motion for new trial.

 At the hearing on the motion for new trial, E. Q. testified that he plead "true"
based on the five year recommendation, and that he understood that he could withdraw his pleas
and "start over" if the judge assessed a penalty greater than the recommendation. E. Q.'s attorney
testified that she and the prosecutor had discussed the right of a juvenile to withdraw a plea, that
the law was unsettled, and that they saw no reason for the trial court not to allow the pleas to be
withdrawn if the court did not follow the sentencing recommendation. Finally, she testified that
she had advised E. Q. that he would be able to withdraw his pleas if the court assessed a sentence
greater than five years.

 E. Q. brings four points of error on appeal. The first three concern the trial court's
rulings on E. Q.'s pleas of "true" at various points in the proceedings -- the acceptance of the
pleas, the denial of the motion to withdraw the pleas, and the denial of the motion for new trial. 
All three are based on the argument that the pleas were not knowing and voluntary. The fourth
point of error challenges the trial court's alteration of the plea agreement.


DISCUSSION AND HOLDING


 We recognize that there are conflicting interests involved in the prosecution of
violent juveniles. The state has an interest in providing for the care, protection, and development
of its children as well as an interest in providing for the protection of the general population. The
civil juvenile justice system was established in part to insulate minors from the harshness of
criminal prosecutions, to promote rehabilitation over punishment, and to eliminate the taint of
criminal conviction after incarceration by characterizing such actions as delinquent rather than
criminal. See generally Lanes v. State, 767 S.W.2d 789, 791-800 (Tex. Crim. App. 1989)
(historical discussion of juvenile justice policy). However, the acts of juveniles are often as
violent and reprehensible as those of any adult criminal.

 The criminal system has the goals of maintaining our societal structure and
protecting the safety of citizens by punishing persons who violate basic rules of conduct. See In
the Matter of R.L.H., 771 S.W.2d 697, 701 (Tex. App.--Austin 1989, writ denied). A primary
purpose of the juvenile justice system is "to provide for the care, the protection, and the
wholesome moral, mental, and physical development of children . . . ." Tex. Fam. Code Ann.
§ 51.01(1) (West 1986). The goals of these two systems conflict when applied to a young person
who commits violent acts. The state is faced with a difficult choice between the youth's welfare
and the protection and punishment interests of the general public.

 In an attempt to deal with violent juvenile offenders in a way that balances the
conflicting interests, the legislature enacted the determinate sentencing statutes. See generally
Robert O. Dawson, The Third Justice System: The New Criminal System of Determinate
Sentencing for the Youthful Violent Offender in Texas, 19 St. Mary's L.J. 943 (1988). These
provisions provide an alternative to the existing criminal and juvenile systems. If the juvenile
court finds that a juvenile has committed one of six offenses set out in section 53.045(a) of the
Family Code, it may impose a determinate sentence of up to forty years. Tex. Fam. Code Ann.
§§ 53.045(a), 54.04(d)(3) (West Supp. 1992). Initially, the delinquent youth is committed to the
Texas Youth Commission. Shortly before the youth reaches eighteen, the juvenile court
reevaluates the youth. Tex. Fam. Code Ann. § 54.11(h) (West Supp. 1992). The court may
either parole the youth at eighteen or order a transfer to the Texas Department of Criminal Justice
for the balance of the sentence. Tex. Fam. Code Ann. § 54.11(i) (West Supp. 1992).

 Although juvenile delinquency proceedings are civil in nature, they have been
characterized as quasi-criminal with procedural protection and due-process requirements similar
to those in adult criminal prosecutions. In the Matter of R.J.W., 770 S.W.2d 103 (Tex.
App.--Houston [1st Dist.] 1989, no writ); In re D.B., 594 S.W.2d 207, 209 (Tex. Civ.
App.--Corpus Christi 1980, no writ). The hybrid nature of these proceedings results in gaps and
ambiguities between the civil and criminal law. We are now faced with one of those gaps. An
adult criminal defendant accused of a felony has a right to withdraw a guilty plea entered pursuant
to a plea agreement if the trial court does not follow the agreed sentencing recommendation. Tex.
Code Crim. Proc. Ann. § 26.13 (West 1989). We believe that if an adult criminal defendant
would have this right, then a juvenile, whose alleged actions would constitute a felony if he or she
were tried as an adult, is entitled to the same right of plea withdrawal in a juvenile proceeding. 
However, we need not create a new procedural protection for juveniles to resolve this appeal.

 Plea agreements are valid only if voluntary and made knowingly and intelligently
with "sufficient awareness of the relevant circumstances and likely consequences." Brady v.
United States, 397 U.S. 742 (1970). In the instant case, E. Q. relied on representations of his
counsel and of the prosecutor, transmitted by his counsel, that he could withdraw his pleas of
"true" if the trial court failed to follow the prosecutor's recommendation.

 In McGuire v. State, 617 S.W.2d 259 (Tex. Crim. App. 1981), the prosecutor
promised a pro se defendant that the State would recommend a particular punishment, and that
the defendant could withdraw his guilty plea if the court did not follow the recommendation. The
trial court assessed a penalty greater than recommended, but did not allow McGuire to withdraw
his plea because the offense was not a felony. The court of criminal appeals held that the plea was
a denial of due process "[s]ince the law pertaining to withdrawal of misdemeanor pleas differs
from the assurance given by the prosecutor as an inducement for the agreement, and since the trial
court did not follow the agreement, the appellant's waivers and plea were not made knowingly
and voluntarily." McGuire, 617 S.W.2d at 261. The immediate situation is very similar. E. Q.
received advice as to his right to withdraw his pleas which differed from the law as interpreted
by the trial court. E. Q. relied on that information in entering into the plea agreement.

 The defendant's reliance on representations of his counsel and the prosecutor may
result in an involuntary guilty plea. See Huffman v. State, 676 S.W.2d 677 (Tex. App.--Houston
[1st Dist.] 1984, pet. ref'd). Huffman was a criminal defendant who agreed to testify against a
co-defendant. The prosecutor promised to recommend leniency in his case and Huffman's counsel
and the prosecutor assured him that the trial court would follow the recommendation. To prevent
a taint or diminution of Huffman's testimony against the co-defendant, no formal plea agreement
was made or disclosed to the trial court.

 At his trial, Huffman entered a guilty plea and the State requested a sentence of not
more than thirty years. Instead, the trial court sentenced Huffman to ninety years. The court of
appeals held that his guilty plea was not voluntary because he was not provided sufficient
information to make a "knowing and intelligent waiver of his constitutional rights," and he relied
on "misleading advice as to the state's ability to assure him of leniency from the court." Huffman,
676 S.W.2d at 682.

 In the present case, we find that E. Q. relied on misinformation regarding his right
to withdraw his pleas. Therefore his pleas were not made knowingly, voluntarily, and
intelligently. We find that the first opportunity for the trial court to be fully aware of the relevant
facts and to correct the acceptance of the invalid pleas was on E. Q.'s motion for new trial. 
Therefore, we sustain E. Q.'s third point of error.

 E.Q. asserts in his second point of error that the trial court erred in refusing to
allow him to withdraw his pleas of "true." Although we would sustain this point, we are not
required to reach it. Since point of error three is dispositive, we do not reach points of error one,
two, or four.




CONCLUSION


 We reverse the order of adjudication and the order of determinate sentence
commitment to the Texas Youth Commission of the trial court and remand the cause to the trial
court with instructions that E. Q. be allowed to withdraw his pleas of "true" and that a new trial
be granted.




 


 Jimmy Carroll, Chief Justice


[Before Chief Justice Carroll, Justices Jones and Kidd]


Reversed and Remanded with Instructions


Filed: October 14, 1992


[Publish]
1. This cause originated in the District Court of Bell County, 169th Judicial District, but was
tried before the Honorable Edward S. Johnson, County Court at Law Number One of Bell
County, sitting as the Juvenile Court of Bell County.