Opinion issued February 21, 2008



 


 




In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-06-01025-CR
 __________
 
JERRY DALE WHITE Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 263rd District Court 
 Harris County, Texas 
Trial Court Cause No. 1058513
 

 
 
MEMORANDUM OPINION
          In this appeal, we are asked to decide if a promise from counsel to defendant
regarding punishment resulted in an involuntary plea of guilty. Appellant, Jerry Dale
White, pleaded guilty to aggravated sexual assault of a child


 and was sentenced by
the trial court to 15 years in prison. In his sole point of error, appellant contends that
his plea of guilty was involuntary as a result of ineffective assistance of counsel.           We affirm. 
Standard of Review
          To reverse a conviction based on ineffective assistance of counsel, the
appellate court must find: (1) counsel’s representation fell below an objective
standard of reasonableness and (2) there is a reasonable probability that, but for
counsel’s unprofessional errors, the result of the proceeding would have been
different. Strickland v. Washington, 466 U.S. 668, 695, 104 S. Ct. 2052, 2068 (1984). 
This standard applies to challenges to guilty pleas. Hill v. Lockhart, 474 U.S. 52, 59,
106 S. Ct. 366, 370 (1985). To satisfy the second prong of Strickland, appellant must
show there is a reasonable probability that, but for counsel’s errors, he would not
have pleaded guilty, but would instead have insisted on going to trial. Id.; Fimberg
v. State, 922 S.W.2d 205, 207 (Tex. App.—Houston [1st Dist.] 1996, pet. ref’d). In
assessing counsel’s competence, we presume that counsel has knowledge of legal
principles that are neither novel nor unsettled. Ex parte Welch, 981 S.W.2d 183, 185
(Tex. Crim. App. 1998). Trial counsel who fails to inform a defendant about the
direct, punitive consequences of a guilty plea provides ineffective assistance. Arreola
v. State, 207 S.W.3d 387, 392 (Tex. App.—Houston [1st Dist.] 2006, no pet.).
          An involuntary guilty plea must be set aside. Boykin v. Alabama, 395 U.S. 238,
244, 89 S. Ct. 1709, 1713 (1969); Williams v. State, 522 S.W.2d 483, 485 (Tex. Crim.
App. 1975); Fimberg, 922 S.W.2d at 207. To determine if a plea is voluntary, we
consider the record as a whole. Williams, 522 S.W.2d at 485. If counsel conveys
erroneous information to a defendant, a plea of guilty based on that misinformation
is involuntary. Ex parte Griffin, 679 S.W.2d 15, 17 (Tex. Crim. App. 1984); McGuire
v. State, 617 S.W.2d 259, 261 (Tex. Crim. App. 1981).
          Here, appellant signed admonishments recognizing that (1) he was charged
with “the felony offense of aggravated sexual assault of a child,” (2) he faced the
first-degree felony punishment range of life imprisonment or any term of
imprisonment of not more than 99 years or less than five years, (3) he was mentally
competent, (4) he understood the nature of the charge against him, (5) he understood
the admonishments, (6) he fully understood the consequences of his plea, (7) he
understood English, and (8) his plea was freely and voluntarily made. We presume
that recitals in court documents are correct unless the record affirmatively shows
otherwise. Breazeale v. State, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984). 
Appellant’s only explanation for his failure to understand the consequences of his
plea is that his trial counsel advised him that he would receive community
supervision. The record, however, contains no evidence of any promise made to
appellant by his attorney regarding a sentence of probation. The only recorded
statement to appellant concerning sentencing is the trial court’s admonishments that
he would receive a sentence of not less than five years’ confinement if found guilty. 
          A defendant’s claim that he was misinformed by counsel, standing alone, is not
enough to render his plea was involuntary. Fimberg, 922 S.W.2d at 208. In cases in
which a guilty plea has been held to have been involuntary, the record contains
confirmation of the misinformation by counsel, or documents augmenting the
defendant’s testimony that reveal the misinformation and show its conveyance to the
defendant. See, e.g., Griffin, 679 S.W.2d at 15; McGuire, 617 S.W.2d at 259; Ex
parte Burns, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980); State v. Hartman, 810
S.W.2d 22, 22 (Tex. App.—Beaumont 1991, no pet.); Murphy v. State, 663 S.W.2d
604, 610 (Tex. App.—Houston [1st Dist.] 1983, no pet.). Given this and faced with
the absence of independent corroborating evidence in the record indicating appellant
was misinformed, we hold appellant’s plea of guilty was voluntary. Therefore, the
first prong of the Strickland test has not been satisfied. Accordingly, we overrule
appellant’s sole point of error.
 
                                                                  Conclusion
          We affirm the judgment of the trial court. 
 
                                                                        George C. Hanks, Jr.
                                                                        Justice
 
Panel consists of Justices Nuchia, Hanks, and Higley.                                       
Do not publish. Tex. R. App. P. 47.2(b).