ACCEPTED
01-14-00659-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/4/2015 10:30:35 PM
CHRISTOPHER PRINE
CLERK

## No. 01-14-00659-CR

In the
Court of Appeals
for the
First District of Texas
at Houston

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

5/4/2015 10:30:35 PM

CHRISTOPHER A. PRINE
Clerk

### No. 1424502
In the 262nd District Court
Harris County, Texas

**JASON CLIFFORD CONWAY**
*Appellant*
V.
**THE STATE OF TEXAS**
*Appellee*

APPELLANT'S BRIEF

**MAITE SAMPLE**
Attorney for Jason Conway
State Bar No.: 24052072
405 Main St. Ste. 950
Houston, TX 77002
(713) 909-9685
Fax: (713) 229-9996
maite.m.sample@gmail.com

ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ........................................i
IDENTIFICATION OF THE PARTIES ...........................................................ii
INDEX OF AUTHORITIES ...............................................................iii-iv
STATEMENT OF THE CASE ..................................................................1
STATEMENT OF THE FACTS .................................................................2
SUMMARY OF THE ARGUMENT ...........................................................5
**APPELLANT'S FIRST POINT OF ERROR -**
     The trial court abused its discretion in denying Appellant's motion for
new trial and request for hearing on the motion for new trial. ...........................6
**APPELLANT'S SECOND POINT OF ERROR** –
     Appellant's plea was involuntary due to ineffective assistance of
counsel. ………………………………………………………............14
PRAYER ......................................................................................21
CERTIFICATE OF SERVICE ...................................................................21
CERTIFICATE OF COMPLIANCE ............................................................22
APPENDIX: EXHIBIT A – Trial Counsel's Affidavit

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. P. 9.4(g) and TEX. R. APP. P. 39.1, oral argument is requested because this case presents an important question about coercive plea bargaining tactics used by trial counsel as well as the voluntariness of Appellant's plea.

## IDENTIFICATION OF THE PARTIES

Pursuant to TEX. R. APP. P. 38.2(a)(1)(A), a complete list of the names of all interested parties is provided below.

Counsel for the State:

**Devon Anderson** - District Attorney of Harris County
**Alan Curry** - Assistant District Attorney on appeal
**Chris Handley** - Assistant District Attorney at trial
Harris County District Attorney's Office
1201 Franklin St. Ste. 600
Houston, TX 77002
713-755-5800

Appellant or criminal defendant:

**Jason Clifford Conway**

Counsel for Appellant:

**Kathryn Robinson Wallace**- Counsel at plea
12401 S. Post Oak Rd.
Suite 226
Houston, TX 77045-2020
(713)551-8626

**Maite Sample** - Counsel on appeal
405 Main St. Ste. 950
Houston, TX 77002
713-909-9685

Trial Judge:

**Hon. Denise Bradley**
262nd District Court, Harris County, Texas

**INDEX OF AUTHORITIES**

**CASES**

*Bruno v. State*, 916 S.W.2d 4, 8 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd)

*Colyer v. State*, 428 S.W.3d 117, 122 (Tex. Crim. App. 2014)

*Ex parte Chandler*, 182 S.W.3d 350, 353 (Tex. Crim. App. 1999)(citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984))

*Ex parte Moody*, 991 S.W.2d 856, 857-58 (Tex. Crim. App. 1999)(quoting

*Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997))

*Ex parte Reedy*, 282 S.W.3d 492, 500-01 (Tex. Crim. App. 2009)

*Ex parte Wellborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990)

*Fimberg v. State*, 922 S.W.2d 205, 207 (Tex.App.-Houston [1st Dist.] 1996 pet. ref'd)

*Freeman v. State*, 125 S.W.3d 505, 512 (Tex. Crim. App. 2003)(citing *Strickland*, 466 U.S. at 690)

*Gonzales v. State*, 304 S.W.3d 838, 842 (Tex. Crim. App. 2010)

*Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)(quoting

*Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001))

*Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006).

*Jackson v. State*, 766 S.W.2d 504, 508 (Tex. Crim. App. 1985)

*Martinez v. State*, 74 S.W.3d 19, 21 (Tex. Crim. App. 2002)

*McGuire v. State*, 617 S.W.2d 259, 261 (Tex. Crim. App. 1981)

*Mendoza v. State*, 935 S.W.2d 501, 503 (Tex. App.—Waco 1996, no pet.)

*Messer v. State*, 757 S.W.2d 820, 824 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd.)

*Munoz v. State*, 840 S.W.2d 69, 74 (Tex. App. – Corpus Christi 1992, pet. ref'd)

*Reyes v. State*, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993).

*Torres v. State*, 4 S.W 3d 295 (Tex. App.—Houston [1st Dist.] 1999, no pet.)

*Wallace v. State*, 106 S.W.3d 103 (Tex. Crim. App. 2003)

**RULES**

TEX. R. APP. P. 9.4(g)

TEX. R. APP. P. 21.4

TEX. R. APP. P. 21.6

TEX. R. APP. P. 21.7

TEX. R. APP. P. 38.2(a)(1)(A)

TEX. R. APP. P. 39.1

**STATUTES**

TEX. CODE CRIM. PROC. ANN. art. 26.13(b)

**TO THE HONORABLE COURT OF APPEALS:**

**STATEMENT OF THE CASE**

Appellant was charged by indictment with the second-degree felony offense of assault against a family member by impeding breathing. (CR I 7). He originally entered a plea of not guilty and requested a jury trial with punishment to be assessed by the jury in the event that he was found guilty. (CR I 128). Prior to the beginning of voir dire the state abandoned the language in the indictment alleging impeding breath and offered to abandon the punishment enhancement paragraphs in exchange for Appellant's plea of guilty to a Pre-Sentence Investigation hearing (PSIH). (CR I 52). Accordingly, Appellant changed his plea to guilty and pled without an agreed recommendation to the court for a PSIH for the third degree felony offense of assault family member second offender. (CR I 144). At the conclusion of the PSIH, the court sentenced Appellant to ten (10) years confinement in the Institutional Division of the Texas Department of Criminal Justice (TDCJ-ID). (CR I 144). The Trial Court's Certification of Defendant's Right of Appeal dated April 30, 2014 indicates that Appellant has the right to appeal. (CR I 127). Appellant's notice of appeal was filed with the 262nd District Court on July 27, 2014. (CR I 147).

1

## STATEMENT OF THE FACTS

Appellant was accused of choking Alicia Barrens on or about November 16, 2013. (CR I 7). Complainant and Appellant both admit that they had a heated argument that evening about their relationship. (RR III 17,18) (RR III 30). But while Appellant alleges that he did nothing more than push Ms. Barrens after she called him a "Nigga Fuck Up" and spit in his face; Ms. Barrens alleges that Appellant choked her until she lost consciousness. *Id*. She visited an urgent care clinic the next day and was examined by a doctor who found that Ms. Barrens had no change in voice, no sore throat, no difficulty swallowing, no neck pain, no muscle aches, no depression, no suspicious lesions, as well as a normal neck inspection, supple, with good range of motion, no bruising or swelling on the anterior neck. (CR I 113, 114). A second visit to the same clinic by complainant on November 21, 2013 resulted in nearly identical findings. (CR I 115, 116).

After at least six resets Appellant's case was set for trial in the 262nd District Court on April 30, 2014. (CR I 16, 19, 25, 26, 27, 120). By trial day Appellant had been subjected to months of plea bargaining and admonishments from the trial court as well as trial counsel urging him to plead guilty. (CR III 34,35). On trial day, trial counsel failed to object when the state abandoned language in the indictment, thereby changing the offense

2

he was being tried for. (RR II); (CR III 16). Trial counsel also withheld important witness information from Appellant – namely about reluctance on the part of the doctor who examined the complainant to testify for the State. (CR III 16, 17). She also gave Appellant incorrect advice about the procedure in a PSIH. *Id*. Furthermore, on trial day trial counsel advised Appellant that he would surely die in prison and never see his family again if he was convicted at trial because life expectancies in prison are low and his parents would be dead in 25 years. (CR III 28). Then, with the jury panel in the hallway, trial counsel brought him a note signed by his parents urging him to take the plea. *Id*. It was the totality of all of these circumstances that overcame his will to fight his case. At that point in the proceedings Appellant felt he had no other choice, so he pled guilty to assault family member second offender and had his case reset for a PSIH. (RR II 9) (CR I 16, 17, 27, 28) (CR III 34, 35).

On July 24, 2014 the trial court held the PSIH. (RR III). Contrary to trial counsel's advice before his guilty plea, no cross examination of the complainant nor any additional witness testimony or mitigating evidence was presented. *Id*. At the conclusion of his PSIH the trial court sentenced Appellant to the maximum sentence of 10 years in TDCJ-ID. (RR III 10).

Appellant filed his notice of appeal three days later on July 27, 2014 (CR II 14). On Thursday, August 14, 2014 the undersigned counsel was appointed to represent Appellant on his appeal. *Id*. Appellant filed and presented his motion for new trial with the trial court on September 29, 2014 (CR II 3). On October 23, 2014 this court granted Appellant's Emergency Motion to Abate Appeal and Remand for Hearing on Motion for New Trial and Permission to File Out of Time Motion for New Trial (CR II 11, 12).

The sole ground in the motion for new trial was that Appellant's plea was involuntary due to ineffective assistance of counsel. *Id*. In support of his motion, Appellant attached an unsworn declaration detailing the interactions with trial counsel that led to his involuntary plea. (CR III 16, 17). Trial counsel filed her own affidavit in response to Appellant's motion and unsworn statement attached hereto as Exhibit A. (Exhibit A). The case was set for a live evidentiary hearing on December 16, 2014. (CR II 25). However, on that day TDCJ-ID did not bring Appellant to court so the hearing was rescheduled for December 23, 2014. (CR III 42). But on December 19, 2014 the trial court told Appellant and the undersigned counsel that she no longer wished to have a live evidentiary hearing, instead she would make her ruling based on her recollection of the case, as well as, affidavits and statements from the parties. (RR V 6). The undersigned

4

counsel objected to this sudden change, but the trial court overruled the objection. (RR V 7). Appellant and his mother prepared additional unsworn statements in response to trial counsel's affidavit. (CR III 27-31). Additionally, Appellant wrote a letter to the trial court that was hand delivered to the court on January 5, 2015. (CR III 34, 35). That same day, the trial court denied Appellant's request for a hearing and denied the motion for new trial over objection by Appellant's appellate counsel. (CR III 15).

## SUMMARY OF THE ARGUMENT

Appellant's plea of guilty was made involuntarily as the result of coercion and incorrect advice by Appellant's trial counsel as well as repeated coercive admonishments by the trial court. Furthermore, the trial court abused its discretion in denying Appellant's motion for new trial and request for live evidentiary hearing. In his motion for new trial, Appellant alleged that his plea was rendered involuntary due to ineffective assistance of trial counsel. He attached an unsworn declaration explaining that trial counsel withheld information about the availability of an important trial witness. Additionally, trial counsel admonished Appellant about dying in prison and never seeing his family again if he did not take the State's plea bargain offer. Appellant explained in his unsworn statements that the

5

totality of the circumstances leading up to his plea were such that his will to fight was overcome. Although he desired to have a jury trial, he felt forced to plead guilty. Appellant insists that had his trial counsel been honest with him about the availability of the doctor who examined the complainant, had she not given him incorrect information about how a PSIH would proceed, and had trial counsel and the trial court not coerced him through their repeated admonishments, he would never have pled guilty, but instead would have insisted on going forward with his trial.

## APPELLANT'S FIRST POINT OF ERROR

**THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR NEW TRIAL AND REQUEST FOR HEARING ON THE MOTION FOR NEW TRIAL.**

**STANDARD OF REVIEW FOR DENIAL OF MOTION FOR NEW TRIAL AND EVIDENTIARY HEARING**

Appellate courts review a trial court's denial of a motion for new trial under an abuse of discretion standard by determining whether the trial court's decision was arbitrary or unreasonable. *Colyer v. State*, 428 S.W.3d 117, 122 (Tex. Crim. App. 2014). A trial court abuses its discretion in denying a motion for new trial when the record could not support the view that the trial court's ruling was reasonable. *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006).

Furthermore, when reviewing a trial court's denial of a hearing on a motion for new trial, an appellate court applies an abuse of discretion standard of review. *Gonzales v. State*, 304 S.W.3d 838, 842 (Tex. Crim. App. 2010); *Reyes v. State*, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993). The reviewing court should reverse only when the trial judge's decision was so clearly wrong as to lie outside the zone of reasonable disagreement. *Id*. Review, however, is limited to the trial judge's determination of whether the defendant has raised grounds that are both undeterminable from the record and reasonable, meaning they could entitle the defendant to relief. This is because the trial judge's discretion extends only to deciding whether these two requirements are satisfied. If the trial judge finds that the defendant has met the criteria, he has no discretion to withhold a hearing. In fact, under such circumstances the trial judge abuses his discretion in failing to hold a hearing. *Gonzales*, 304 S.W.3d at 842, *citing Smith v. State*, 286 S.W.3d 333, 339-40 (Tex. Crim. App. 2009).

## MOTIONS FOR NEW TRIAL

### Timely Filed

Texas Rule of Appellate Procedure 21.4 provides that a motion for new trial must be filed within thirty days of the imposition of sentence. TEX. R. APP. P. 21.4.

Appellant filed his notice of appeal on July 27, 2014. (CR II 14).  On Thursday, August 14, 2014 the undersigned counsel was appointed to represent Appellant on his appeal.  *Id*.  Appellant filed his Motion for New Trial on September 29, 2014 (CR II 3).   On October 23, 2014 this court granted Appellant's Emergency Motion to Abate Appeal and Remand for Hearing on Motion for New Trial and Permission to File Out of Time Motion for New Trial (CR II 11, 12).  Therefore, his motion for new trial was timely filed.

## Motion Timely Presented

Texas Rule of Appellate Procedure 21.6 states that "Defendant must present the motion for new trial to the trial court within 10 days of filing it, unless the trial court in its discretion permits it to be presented and heard within 75 days from the date when the court imposes or suspends sentence in open court."  TEX. R. APP. P. 21.6.  Appellant timely presented his motion through his attorney of record on September 29, 2014.

## Live hearing versus affidavit

The right to a hearing on a motion for new trial is not absolute.  *Reyes*, 849 S.W.2d at 815; *Bruno v. State*, 916 S.W.2d 4, 8 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd).  The trial court is authorized to receive evidence "by affidavit or otherwise."  TEX. R. APP. P. 21.7.  But a defendant has a

right to a hearing when the motion raises matters that are reasonable and cannot be determined from the record. *Wallace v. State*, 106 S.W.3d 103 (Tex. Crim. App. 2003). This is to ensure a meaningful appeal by creating a record that can be reviewed. *Mendoza v. State*, 935 S.W.2d 501, 503 (Tex. App.—Waco 1996, no pet.)

If a defendant's motion for new trial and supporting affidavit are sufficient, a hearing on the motion is mandatory and a trial court that denies an accused a hearing abdicates its fact-finding function and denies the accused a meaningful appellate review. *Torres v. State*, 4 S.W 3d 295 (Tex. App.—Houston [1st Dist.] 1999, no pet.); *Reyes*, 849 S.W.2d at 816, citing *McIntire v. State*, 698 S.W.2d 652 (Tex. Crim. App. 1985). Additionally, a defendant need not establish a prima facie case in order to get a hearing. *Wallace*, 106 S.W.3d at 107-09. The motion and affidavits "must merely reflect that reasonable grounds exist for holding that such relief could be granted." *Id.* This is because "the purpose of the hearing is for a defendant to develop the issues raised in the motion for new trial." *Martinez v. State*, 74 S.W.3d 19, 21 (Tex. Crim. App. 2002).

## ANALYSIS

In his motion for new trial, unsworn statements, and handwritten letter to the trial court, Appellant alleged that his plea was involuntary due to

ineffective assistance of counsel. (CR II 8-17, 27-29, 34,35). He explained that on the day of trial, trial counsel engaged in the following deficient conduct:

1. Failing to object to the changes in the indictment;

2. Withholding knowledge that the doctor who examined the complaining witness was reluctant to testify for the State;

3. Telling him that life expectancy in prison was such that he would die before serving the minimum sentence of 25 years if found guilty at trial;

4. Telling him, in front of his parents, that his parents would be dead in 25 years, so if he did not plead guilty he would never see them alive outside of prison;

5. Passing Appellant a note in the holdover from his parents wherein his parents urged him to take the plea deal after the discussion about him dying in prison and his parents dying before he served 25 years in TDCJ-ID; and

6. Incorrectly advising him that at the PSIH he would have the opportunity to cross-examine the complaining witness and present mitigation evidence regarding the underlying offense. *Id*.

Appellant maintains that, but for each of the aforementioned instances of deficient conduct, he would not have pled guilty and would have insisted

on going to trial. *Id*. Furthermore, none of the aforementioned issues are determinable from the record and each, if true, would entitle Appellant to relief, therefore he was entitled by law to a live evidentiary hearing on his motion for new trial. *Wallace,* 106 S.W.3d 103.

Trial counsel filed an affidavit responding to the grounds on Appellant's motion for new trial. (Exhibit A). In her affidavit, trial counsel makes some factual assertions that are controverted by the factual assertions in Appellant's unsworn declaration, but she does not address all of the allegations. *Id*. Trial counsel offers no explanation in her affidavit about her failure to object to the changes in the indictment. *Id*. She denies having prior knowledge that the doctor who treated the complainant was unavailable, or telling Appellant any such thing. *Id*. Trial counsel never addresses any of the claims that she coerced Appellant to plead guilty by telling him that he and his family would be dead in 25 years. *Id*. Furthermore, she denies passing him a note from his parents wherein they urged him to accept the plea offer. Finally, she says that the discussion about what kind of evidence and cross-examination could be presented at the PSIH did not take place until after the plea. *Id*.

At one point in the motion for new trial proceedings the trial court did grant Appellant's request for a live evidentiary hearing. (CR III 25). The

trial court must have believed that the requirements for a live evidentiary hearing were satisfied otherwise it would not have bench warranted Appellant from TDCJ-ID and set the case for a live hearing. (CR III 42). But on December 16, 2014 Appellant was not brought to court according to the bench warrant issued on November 25, 2014. *Id*. Three days later, when Appellant was finally delivered to court, the trial court arbitrarily decided to deny Appellant his live evidentiary hearing. (RR V 6). Nothing about the motion for new trial and accompanying statement changed in those days.

Had the trial court conducted a live evidentiary hearing, Appellant would have been able to cross-examine trial counsel on matters controverted in the affidavit and the unsworn statements submitted to the court. By denying his motion for new trial and his request for a live evidentiary hearing, the trial court denied Appellant a meaningful appellate review and the opportunity to create a full record for his appeal in the event the trial court did go on to deny the motion for new trial. In so doing, the trial court abused its discretion. *Gonzales*, 304 S.W.3d at 842; *Torres*, 4 S.W 3d 295; *Reyes*, 849 S.W.2d at 816.

Furthermore, it was an abuse of discretion to deny Appellant's motion for new trial altogether. The trial court stated that it had an independent recollection of the plea and the parties therefore it could make credibility

determinations and make a final decision on the motion for new trial based on affidavits alone. (CR V 6). In support of this assertion, the trial court stated: "And actually, unlike most cases, I had the opportunity – we had a full hearing regarding issues of guilt/ innocence. I believe Mr. Conway testified at that hearing. So, I'm very familiar with the attorney that was representing the Defendant as well as the proceedings we are discussing this morning." *Id*. The significance of the trial court's statement is that there is no evidence of such a hearing anywhere in the record. Appellant did not testify at any such hearing because one never took place, nor did he testify at his PSIH. (RR III). Therefore, the trial court clearly did not have an independent recollection of the plea or the parties. Clearly, the trial court made its decision without any actual memory or knowledge of Appellant's case. This type of reckless decision-making is exactly the type of arbitrary and unreasonable action that constitutes an abuse of discretion. *Holden*, 201 S.W.3d at 763.

**CONCLUSION**

Accordingly, Appellant respectfully asks that this court rule that the trial court's denial of his motion for new trial and request for a hearing was an abuse of discretion and reverse and remand to the trial court for a new trial.

13

**APPELLANT'S PLEA WAS INVOLUNTARY DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL**

Appellant's plea was involuntary because of coercion, confusion, and unconstitutionally ineffective assistance of counsel. But for trial counsel's erroneous advice and pressure from the trial court, Appellant would not have pled guilty to the felony charge of assault family member second offender, but would have insisted on going forward with his jury trial.

**STANDARD OF REVIEW FOR INEFFECTIVE ASSISTANCE OF COUNSEL AND INVOLUNTARY PLEA**

A guilty plea must be freely, knowingly, and voluntarily entered. TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (Vernon 1989). The voluntariness of a plea is determined by the totality of the circumstances. *Munoz v. State*, 840 S.W.2d 69, 74 (Tex. App. – Corpus Christi 1992, pet. ref'd). An Appellant has a Sixth Amendment right to the effective assistance of counsel in guilty-plea proceedings. *Ex parte Reedy*, 282 S.W.3d 492, 500-01 (Tex. Crim. App. 2009). To obtain relief for ineffective assistance of counsel under *Strickland v. Washington*, Appellant must show that his counsel's performance was unconstitutionally deficient and "that there is a 'reasonable probability' - one sufficient to undermine confidence in the result - that the outcome would have been different but for his

counsel's deficient performance." *Ex parte Chandler*, 182 S.W.3d 350, 353 (Tex. Crim. App. 1999)(citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

Specifically, when a person "challenges the validity of a plea entered upon the advice of counsel, contending that his counsel was ineffective, 'the voluntariness of the plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty to the charged offense and would have insisted on going to trial.'" *Ex parte Moody*, 991 S.W.2d 856, 857-58 (Tex. Crim. App. 1999)(quoting *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997)); *Reedy*, 282 S.W.3d at 500.

A criminal defense attorney "must have a firm command of the facts of the case" before he or she may render reasonably effective assistance of counsel. *Ex parte Wellborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). Counsel has a duty to provide advice to his client about what plea to enter, and that advice should be informed by an adequate investigation of the facts of the case. *Reedy*, 282 S.W.3d at 500. When counsel's representation falls below this standard, it renders any resulting plea involuntary. *Id*.

A claim of ineffective assistance of counsel must be determined upon

the particular circumstance of each individual case. *Jackson v. State*, 766 S.W.2d 504, 508 (Tex. Crim. App. 1985). Strategic or tactical considerations are not considered deficient unless "the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)(quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). But when no reasonable trial strategy could justify trial counsel's conduct, the counsel's performance falls below an objective standard of reasonableness as a matter of law. *Freeman v. State*, 125 S.W.3d 505, 512 (Tex. Crim. App. 2003)(citing *Strickland*, 466 U.S. at 690).

## ANALYSIS

### Repeated Admonishments

In Appellant's case, trial counsel and the trial court pressured and coerced him into making an involuntary plea. (CR II 8-17, 27-29, 34,35). In his unsworn declaration Appellant alleges that the repeated admonishments by the court led him to feel pressured and coerced into a guilty plea. *Id*. He recalls being brought out of the hold over on at least four occasions for admonishments by the trial court. *Id*. Appellant asserted his innocence and his desire to go to trial every time, but the repeated admonishments from the court eventually led him to feel that he had no choice but to plead guilty. *Id*.

16

Had the court refrained from repeatedly admonishing Appellant, he would have felt free to go forward with his trial. *Id*. Appellant explains that his trial counsel also pressured him into pleading guilty. *Id*. He explains that trial counsel insisted he plead guilty despite his repeated assertions of innocence and his desire to go to trial. *Id*. Trial counsel herself admits that Appellant always expressed an unwavering desire to go to trial. Exhibit A. She admits that she did not believe he would ever plead guilty. *Id*. Trial counsel's observation lends credence to Appellant's declaration that his last minute plea was made out of duress after being coerced by all of the admonishments he received.

### Erroneous PSIH Advice

If an attorney conveys erroneous information to his or her client, and the client enters a plea of guilty based on that misinformation, the plea is involuntary. *See Fimberg v. State*, 922 S.W.2d 205, 207 (Tex.App.-Houston [1st Dist.] 1996 pet. ref'd). Furthermore, it has been held that a conviction cannot be sustained when a plea of guilty has been motivated by significant misinformation conveyed by the defendant's counsel or some other officer of the court. *McGuire v. State*, 617 S.W.2d 259, 261 (Tex. Crim. App. 1981); *Messer v. State*, 757 S.W.2d 820, 824 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd.).

Trial counsel gave erroneous advice that led to Appellant's involuntary plea.  She assured Appellant that he could present text messages from the complainant during his PSIH hearing to call her credibility into question.  (CR II 8-17, 27-29, 34,35).  Trial counsel also assured Appellant that he could cross-examine the complainant during the PSIH regarding issues determinative of guilt or innocence.  *Id*.  Both of these assurances were critical to Appellant entering a guilty plea, but neither of these things actually happened during Appellant's PSIH, nor were they legally required to have happened.  *Id*.  These instances of misinformation alone are sufficient to satisfy the standards set out in *Fimberg, McGuire,* and *Messer.  Fimberg v. State*, 922 S.W.2d at 207; *McGuire*, 617 S.W.2d at 261; *Messer*, 757 S.W.2d at 824.

## Failing to Object

Appellant further alleges that when the State abandoned the impeding breath language in the indictment on trial day he was surprised and wanted additional time before trial to prepare a defense.  (CR II 8-17, 27-29, 34,35).  Trial counsel failed to object to the abandonment of the impeding breath language against Appellant's wishes.  *Id*.  Appellant insists that the change in the indictment surprised him and trial counsel's failure to object prejudiced him by denying him the opportunity to conduct a full

investigation and develop his defense. *Id*. Trial counsel's failure to object was another factor in the totality of the circumstances that led him to feel as if he had no choice but to plead guilty. *Id*.

**Withholding Important Case Information**

Trial counsel withheld from Appellant that the doctor who examined the complainant would not be testifying for the State until after his plea. (CR II 8-17, 27-29, 34,35). According to Appellant, trial counsel waited until after his plea to tell him that the doctor was no longer cooperative with the State. *Id*. Had Appellant known this information, he would never have pled guilty. *Id*. Instead, he would have requested a continuance to subpoena the doctor as a defense witness. *Id*. According to Appellant, trial counsel admitted that she withheld this information because she knew he would not have pled guilty if he had known that the doctor was not going to testify at trial. *Id*. This omission alone satisfies the standards set out in *Fimberg, McGuire,* and *Messer*. *Fimberg v. State*, 922 S.W.2d at 207; *McGuire*, 617 S.W.2d at 261; *Messer*, 757 S.W.2d at 824. There is no reasonable trial strategy that could justify trial counsel's conduct, therefore counsel's performance fell below an objective standard of reasonableness as a matter of law. *Freeman v. State*, 125 S.W.3d 505, 512 (Tex. Crim. App. 2003)(citing *Strickland*, 466 U.S. at 690).

**Life Expectancy Comments**

Trial counsel told Appellant on his trial day that if he did not plead guilty, he would die in prison because life expectancies are low for inmates and his minimum punishment after trial would be 25 years TDCJ-ID. (CR III 28). She also told him, in front of his parents, that his parents would be dead by the time he served his sentence and that he would never see his parents outside of prison. (CR III 27-31). Finally, trial counsel brought a letter to Appellant from his parents urging him to plead guilty and not go to trial. (CR II 8-17, 27-31, 34, 35). This too led to Defendant feeling coerced and pressured to plead guilty. *Id*. There is no reasonable trial strategy that could justify trial counsel's conduct therefore counsel's performance fell below an objective standard of reasonableness as a matter of law. *Freeman*, 125 S.W.3d at 512.

**CONCLUSION**

The totality of trial counsel's representation fell below the objective standard of reasonableness demanded of reasonably competent counsel. *Strickland*, 466 U.S. at 690. Such performance undermines confidence in the voluntariness of Appellant's guilty plea. *Ex parte Chandler*, 182 S.W.3d at 353. Appellant would never have pled guilty had he not received such

deficient representation from trial counsel, therefore his plea was rendered involuntary by the ineffective assistance of counsel.

## PRAYER

Appellant prays that this court finds that the trial court abused its discretion in denying his motion for new trial and request for hearing, and that his plea of guilty was involuntary due to ineffective assistance of counsel. Accordingly, Appellant asks that this court reverse and remand this cause to the trial court for a new trial.

Respectfully submitted,
/s/ *Maite Sample*
Attorney for Jason Conway
405 Main St. Ste. 950
Houston, TX 77002
SBN 24052072
(713) 909-9685, (713) 229-9996 (fax)
maite.m.sample@gmail.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been delivered to the attorney for the State at the following email address:

curry_alan@dao.hctx.net on this the 4th of May 2015.

## CERTIFICATE OF COMPLIANCE

I certify that this document contains 5,282 words (counting all parts of the document). The body text is in 14 point font.

/s/ *Maite Sample*
Attorney for Jason Conway
405 Main St. Ste. 950
Houston, TX 77002
SBN 24052072
(713) 909-9685, (713) 229-9996 (fax)
maite.m.sample@gmail.com

NO. 1408885

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 262ND JUDICIAL DISTRICT |
| | § | |
| JASON CLIFFORD CONWAY | § | HARRIS COUNTY, TEXAS |

### AFFIDAVIT OF KATHRYN ROBINSON WALLACE

STATE OF TEXAS

COUNTY OF HARRIS

My name is KATHRYN ROBINSON WALLACE. I am one of the former attorneys that represented the Defendant, JASON CLIFFORD CONWAY.

"I represented JASON CLIFFORD CONWAY at the time that he entered a plea in the above numbered cause.

"At no time was Defendant Conway given misinformation that led to him pleading guilty.

"Defendant Conway had always said no to entering a plea and I fully believed he would not plead and was ready to proceed to trial. The lowest offer made by the State prior to the day of trial was twelve (12) years and the Defendant rejected that offer. He said he would only plead to a misdemeanor. On the day of trial, the state abandoned the "impeding breath" part of the indictment and proceeded on an Assault of a family member 2nd.

"The Assistant District Attorney sent an email giving notice of his intent to abandon the "impeding breath" part of the indictment and I discussed that with the Defendant.) I shared with the Defendant that if the ADA dropped the "impeding breath" (choking) part including "by applying pressure" there would be no "manner and means" pled, but the ADA could just leave in "by applying pressure" and that would correct the problem. However, assault would be easier for the State to prove than choking. The Defendant agreed. The ADA would need a prior family violence conviction to prove an Assault of a Family Member 2nd Offender. The assault pled did not have a finding of family violence. I interviewed the Defendant's ex-wife and she stated the assault pled by the State was against her while she was living with the Defendant and she had told the ADA. I informed the Defendant of the complete interview with his ex-wife.

"It is my recollection that the Judge spoke to the Defendant once, not including the

1

arraignment when the trial was starting. After the first conversation with the Defendant and after the State abandoned the "impeding breath", the Judge said if the Defendant wanted to plead to her on a PSI with the punishment being locked in at 2-10 years (if the State agreed) then she would consider 8 years depending on what was shown in the PSI. I presented the option to the Defendant and he said no. During the arraignment when the trial was starting, the Defendant stated he wanted to plead guilty to the PSI. The Judge ordered the attorneys and the Defendant to step down to discuss the plea. We stepped down and after a brief discussion, the plea was entered. After the plea, when we were completing the PSI package, he asked if we could use the text messages to cross-examine the Complainant, so the Judge would hear all mitigating evidence. I said we would, but only if the Complainant was called as a witness by the State.

"Later when I called the parents of the Defendant to discuss the PSI, they told me they believed Jason had retained new counsel. I asked Jason and he confirmed. Attorney Kent Schaffer filed a Notice of Appearance on May 21, 2014. I filed a Motion to Withdraw on May 24, 2014. The Motion to Withdraw was granted on May 26, 2014. I was not the Defendant's attorney on July 24, 2014, the time of the PSI hearing.

"I never had any reason to believe the Doctor was not available to testify. I certainly did not tell the Defendant that I knew prior to his plea that the Doctor was not available. On the day of trial, the ADA asked the Judge to have the Sheriff pick up the Doctor if the Doctor did not voluntarily appear. The Judge granted the request.

"I never carried any written messages to the Defendant from his parents. I met with his parents every time we went to court and shared every offer with them, but they left the decision up to him. On the day of trial, I told them the twelve (12) years was still on the table and that Jason had rejected it.

"The Defendant made the decision to plead guilty of his own free will and there was no coercion from anyone."

KATHRYN ROBINSON WALLACE

SUBSCRIBED AND SWORN to before me on this _12th_ day of November, 2014.

CLEMENTINE MATTHEWS
My Commission Expires
June 22, 2017

Notary

2